ABNER B. PAGE, Appellant, *v.* ELIJAH DAVIDSON, Appellee.

APPEAL FROM WARREN.

An executor, authorized to lease premises, who has no estate in the premises, cannot maintain an action for waste. Such action must be by a reversioner in fee.

An executor may maintain an action upon covenants in the lease, against committing waste.

THIS was an action of trespass on the case commenced on 4th March, 1857, by the appellee against the appellant in the Circuit Court of Warren county. The case was tried by a jury before THOMPSON, Judge. Judgment was rendered for the appellee for the sum of $84.50 and costs. The appellant brings the case to this court by appeal.

The declaration in the first six counts set out that the appellant was the tenant of the appellee, by virtue of a certain lease, which is set out *hæc verba* in the 4th count, as follows:

" Articles of agreement made and entered into on this seventh day of July, eighteen hundred and fifty-five, between Elijah Davidson, executor of the last will of Richard Ragland, deceased, and Abner B. Page, as follows, to wit: the said E. Davidson has this day leased to the said Page the farm on which the said Ragland resides, on the south-west quarter of section eighteen, in township number eleven north of the base line, of range one west of the fourth principal meridian, for the term of four years from the first day of March next, for the sum of two dollars per acre, to be paid on or before the first day of January of each year. The said A. B. Page is to have full possession of the house and out-buildings, together with all the improvements, and shall have liberty to use any down timber which is not suitable for saw timber or making rails, for fire wood, but shall not cut any green or standing timber for that purpose, but in case any repairs shall be necessary to be made, it shall be the duty of the said Page to inform the said Davidson, who will have the same made and paid for out of the rent. The said Page also agrees to pay all taxes or assessments which may at any time be levied on said land, either by the State of Illinois or the county of Warren, within the said term of four years from the said first day of March next, and to deliver to the said Davidson, or the person entitled to the peaceable possession, all said premises at the expiration of the said term of four years. In testimony whereof," etc.

That while the appellant was in possession of said premises, by virtue of the lease, as the tenant of the appellee, he cut down trees, tore down a hewed log barn and corn crib, and converted

Page *v.* Davidson.

them to his own use, thereby injuring the reversionary interest of the appellee in the leased premises.

The seventh count is an ordinary trover count for converting trees, logs, frame timber, and hewed timber, the goods and chattels of the appellee.

To the first six counts the defendant interposed two pleas, numbered three and four as follows, to wit:

" 3. And the said defendant comes, etc., and says that the said Elijah Davidson, executor of the estate of Richard H. Ragland, deceased, was not at the time of the said several supposed grievances set out in the first six counts of the said plaintiff's declaration, seized of a reversionary interest in and to the land described in said counts of said declaration, as is averred in said declaration, and of this he puts himself on the country.

" 4. And for further plea, etc., because he says that the said tract of land, described in said plaintiff's declaration, at the time when, etc., was the close, soil, and freehold of the said defendant, wherefore the said several supposed grievances in the first six counts in plaintiff's declaration, were committed by defendant, as he lawfully might, etc. And this, etc."

To each of these pleas the appellee demurred generally. The court sustained the demurrer, and the appellant stood by his pleas.

The defendant also plead the general issue to the whole declaration, on which issue was joined.

On the trial the plaintiff proved the execution of the lease before set forth, and offered to read it in evidence. The defendant objected, but the court overruled the objection, and the defendant excepted.

The plaintiff called several witnesses, who testified as to the waste committed, etc.

The defendant, in support of the issues on his part, read in evidence, a will of Richard H. Ragland, dated 25th July, 1839, and probated in Warren county, 25th November, 1839.

The will, so far as it relates to the premises, contains the following provisions, to wit:

" *Third.* I give and bequeath to my beloved wife, Nancy Ragland, all my household and kitchen furniture of every name and form, and the farm on which I now live, to her own proper use, benefit and behoof, so long as she remains my widow."

" *Fifth.* It is my desire that, as soon as my youngest heir shall arrive at lawful age, all my lands, tenements, and improvements on real estate, of which I die possessed (except the farm) be either divided and set apart to each of my heirs in equal value, or that the same be sold and the proceeds equally divided between them, as shall seem best to my executors. And upon

the death or marriage of Nancy Ragland, my widow, the farm on which I live, to be divided by lot or sold by my executors as my other lands, and divided as aforesaid ; but should her death or marriage take place before the youngest heir arrives at lawful age, *I desire that my executors lease the farm for the support of the family during their minority.*"

Isaac Murphey, Peter Butler, and the plaintiff, were named as executors, and they all entered upon the discharge of their duties.

It was then admitted by the parties that Ragland died seized and in the actual possession, as his homestead, of the land described in the declaration and lease. That the plaintiff was the only surviving executor at the commencement of the suit. That the widow married Alvan Arrowsmith ten years before suit commenced. That the said Ragland left as his only children and heirs, George Ragland, Mary Smith, Sarah Ragland, John L. Ragland, Joel E. Ragland, Robert Ragland, Daniel W. Ragland, and Lucinda Ragland. That Sarah married one Burnett seven or eight years before. That Lucinda married one Hamilton. That the children are all of age except Daniel W. Ragland, who will become of age in the month of March, 1860. That Lucinda died four or five years before, leaving two children ; and George Ragland died four years before, leaving one child.

It was further admitted that the land described in the declaration and lease is the same designated in the will as " my farm," and that the plaintiff claims to recover by virtue of his being surviving executor, and his lease, and that he has no other claim or title to the land.

The defendant then offered in evidence deeds properly acknowledged, proving the conveyance in fee by three of the children and heirs of Richard H. Ragland, deceased, of three-sevenths of the premises described in the declaration ; two-sevenths before the date of the lease, and the other seventh a few days after the date of the lease, and before any of the acts complained of in the declaration ; but the court excluded the evidence, to which the defendant excepted.

The court gave instructions, at the request of plaintiff, to each of which the defendant objected and excepted, as follows, to wit :

1. If the jury believe, from the evidence, that the defendant leased the premises described in the plaintiff's declaration, of the plaintiff, for four years, as set forth in the lease read in evidence, and that the defendant committed the grievances complained of in the declaration, the plaintiff is entitled to recover.

2. If the jury believe, from the evidence, that the lease was made and that defendant holds under it, then the plaintiff has,

as to this defendant, a reversionary interest in the premises, and is entitled to recover in the case, if he has proved an injury to such reversionary interest, if committed by defendant.

3. By the will read in evidence in this case the heirs have no right to exercise ownership over the land until it shall have been divided or sold by the executor, according to the terms of the will.

4. That in this case the plaintiff, if he recovers, will hold the money recovered in trust for the persons entitled to receive it under the will, as much so as if it was a suit upon a note of hand for money belonging to such devisees.

5. That there are no heirs, and can be no heirs, to receive the farm as such, but the heirs take as devised under the will, and can inherit or take the property only by the will, and in the manner named in the will.

6. That the will read in evidence in this case does not affect the right of the plaintiff to recover.

7. If the plaintiff has proven the facts alleged in the declaration, his right to recover in this case cannot be defeated by the will.

The court then refused to give instructions at the request of the defendant, (to which the defendant excepted,) to wit:

2. If the jury believe, from the evidence, that the only claim and title held by the plaintiff to the premises described in the declaration was, by virtue of his being executor of Richard H. Ragland, and that his interest and title terminates with the lease by him to the defendant,

3. The plaintiff cannot maintain this action by virtue of any right or power conferred by the will read in evidence.

4. The will read in evidence does not confer any right upon the plaintiff to maintain an action for damages to the reversionary interest in the premises described in the declaration.

5. By the will read in evidence and the admitted facts, the legal title to the premises would descend to the heirs of Richard H. Ragland, according to the provisions of the will, and if the jury believe, from the evidence, that the plaintiff's right to the land, as executor, terminates with the lease by the plaintiff to defendant, then the plaintiff cannot recover for damage done to the land and freehold.

6. If the jury believe, from the evidence, that the plaintiff's interest in the land in suit was limited to and expired in March, 1860, at the time of the determination of the lease to the defendant, the jury are instructed that, if the plaintiff is entitled to recover at all, he is only entitled to recover nominal damages.

The jury returned the following verdict:

" We, the jury, find the defendant guilty of the *trespass*, and

assess the plaintiff's damages at the sum of eighty-four dollars and fifty cents."

The defendant moved for a new trial and in arrest of judgment, which motions were both overruled, and exception taken.

The appellant assigns as error,

1. The Circuit Court erred in sustaining the demurrer to the second and third pleas, and each of them.

2. The Circuit Court erred in refusing to grant a new trial.

3. The Circuit Court erred in refusing to arrest the judgment ; and,

4. The Circuit Court erred in rendering judgment against the appellant in favor of the appellee.

Goudy, Judd & Boyd, for Appellant.

H. M. Wead, and A. G. Kirkpatrick, for Appellee.

Caton, C. J. The first six counts in this declaration are in case for cutting down and carrying away trees, and for pulling down buildings, by a tenant, to the injury of the inheritance ; and the seventh count is in trover for converting the trees and the material of the building. The defendant offered to prove that the only right or title the plaintiff had to the premises was that of an executor of the will of Ragland, with a power to lease the premises till the time when this lease would expire, and then to divide or sell the premises and distribute the proceeds as directed by the will. This defense the court refused to admit, but held that the lease alone conferred upon the plaintiff the right to maintain the action. In this the court erred. This action could only be maintained by a reversioner in fee. The proof offered would have shown that there was no reversionary interest in the plaintiff. Indeed, he never had any interest in the premises. His powers were not inherent, but representative. He had a power to lease for a time and afterwards to divide or sell the premises, but that gave him no more right to maintain this action than would a power of attorney executed by a person still *in esse* conferring the same authority. Had the will devised the land to him, with directions to lease and sell, then he would have taken the fee and might have maintained the action the same as if he had held the title in his own right and not in trust. The will, after vesting in the widow a temporary estate, provides that upon the determination of that estate, and the youngest heir coming of age, the lands should be divided among his children by lot, or sold and the proceeds divided, as his executors should think best. The will then provides that in case the particular estate should terminate before the youngest

heir should arrive at age, " I desire that my executors lease the farm for the support of the family during their minority." The will contains no words of grant. There is nothing to show an intention to confer any estate upon the executors. The estate descended to the heirs at law with power in the executors to divest it. In executing this lease the executor exhausted the power to lease, for the lease terminated at the same time the youngest heir would attain his majority. This lease did not deprive the tenant of the right to show the true condition of the title, which was perfectly consistent with the right assumed by the plaintiff and acknowledged by the defendant when the lease was executed. This action could only be maintained by the heirs, who held the fee and were entitled to the reversion, subject to be defeated by a sale by the executor. But the executor was not without his remedy for this injury. The defendant had covenanted in the lease not to commit this very sort of waste, and was liable to be sued on this covenant. The defense should have been admitted. We reverse the judgment and remand the cause.

*Judgment reversed.*