## William H. Jenkins and others v. Ellen E. Bacon and others.

*Bill to quiet title: Wild lands: Possession.* A bill to quiet title to unoccupied wild lands, not in the actual possession of either party, cannot be maintained.

*Bill to quiet title: Administrator: Heirs at law.* An administrator of a decedent purchaser of lands at tax sale has no authority as such, and without bringing in as parties the heirs, on whom the title was cast at the death of such tax purchaser, to maintain a suit to quiet the title to the lands.

*Submitted on briefs July 23. Decided July 24.*

Appeal in Chancery from Menominee Circuit.

*E. S. Ingalls,* for complainants.

*Maynard & Ball* and *S. F. Seager,* for defendants.

PER CURIAM.

This bill appears to have been filed to quiet title to land in Menominee county. The bill charged that decedent, George W. Jenkins, obtained tax titles to the land in question, and afterwards sold to complainants, Breen & Ingalls, an undivided two-thirds of the land; that George W. Jenkins died intestate, and that complainant, William H. Jenkins, was appointed his administrator; that one Whiting was the purchaser of the land from government, and owned it when the taxes were assessed; that Whiting died, leaving defendant, Ellen E., his widow, and defendant, Cora, his sole heir at law; that the former intermarried with defendant, Harrison S. Bacon, and the latter with defendant, Alonzo Foster; that the land was wild and wholly unoccupied. The defendants demurred to the bill, and complainants asked leave to file an amended and supplemental bill to bring up the fact that defendants had taken possession subsequent to the first bill, and in order to enjoin waste. This application was denied, and the cause came on to be heard on the demurrer, and the court

sustained it, and dismissed the bill. The complainants appealed. The case is very imperfectly prepared, but we have taken the precaution to look at the original return. We have, in general terms, a suit to quiet the title to wild lands not in the actual possession of either party, but apparently open to be entered by either at pleasure. We find, also, that the principal complainant, who is suing to clear the title to this land, is doing so solely in his character of administrator of the purchaser at tax sale, and likewise that the heirs of such purchaser, and on whom the title was cast at his death, are not brought in at all. The case appears to be quite irregular, and we do not feel called on to detail the particulars. The court decided correctly in sustaining the demurrer and dismissing the bill. We express no opinion upon the reasons imputed to the court for its action. It is enough that the result was right.

The decree must be affirmed, with costs.