## KEELER v. TRUEMAN ET AL.

1. THE INTEREST OF A DECEASED IN A MINING CLAIM DESCENDS DIRECT TO HIS HEIRS.— An interest claimed by an intestate in a mining claim at the time of his death is an interest in real estate, and descends to his heirs, who alone can maintain an action to quiet title thereto. The right to maintain such action is not conferred upon the administrator of the intestate by the Revised Statutes of the United States, sections 2322, 2324, providing that the locators of mining claims, "their heirs and assigns," so long as they comply with the laws of the United States, and with state and local regulations not in conflict therewith, shall have the exclusive right of possession and enjoyment of all the surface included within the lines of their locations, and that, upon failure to comply with the conditions as to annual labor, the ground shall be open to relocation, provided that the original locators, their heirs, assigns, or "legal representatives," have not resumed work upon such claim after failure and before such location.

2. CITIZENSHIP OF CLAIMANT MUST BE ALLEGED IN COMPLAINT.— Under the act of congress of May 10, 1872, declaring that only those who are citizens of the United States, or have properly declared their intention to become such, can either locate or purchase mineral lands, an allegation of citizenship, or its equivalent, is necessary to constitute a good complaint in a proceeding to determine adverse mining claims preliminary to the issuance of a patent therefor.

*Appeal from District Court of Lake County.*

Mr. S. J. HANNA, for appellant.

Mr. N. ROLLINS, for appellees.

MR. JUSTICE HAYT delivered the opinion of the court.

Adverse suit to determine the right to a patent to mining property.

The appellant, George O. Keeler, brought suit as administrator in the court below, alleging in his complaint that, on January 1, 1887, one Herbert H. Judson died intestate, and that plaintiff was the duly appointed, qualified and acting administrator of the estate. It is further alleged that Judson died seized of a certain mining claim, and that the defendants wrongfully entered upon a portion of said claim, and made application at the proper land-office for a patent therefor. The complaint also contains, with a single exception, the usual averments to be found in a complaint in support of adverse proceedings. The exception referred to relates to the citizenship of Judson. There is no allegation whatever of citizenship.

To this complaint the defendants demurred upon several grounds, among which were that the complaint did not state facts sufficient to constitute a cause of action. After argument the court sustained the demurrer, and the plaintiff electing to stand upon the complaint, judgment was entered for the defendants.

We are not advised as to the particular reason assigned by the court for sustaining the demurrer. We infer, however, from the nature of the attack made here upon the judgment, that it was because, in the opinion of the trial court, the action should have been brought by the heirs, and not by the administrator. In this, at least, there is sufficient basis for the judgment.

The interest claimed by Judson in the mining claim at the time of his death is to be deemed and treated as an interest

in real estate, and must descend accordingly. This is admitted. It is further conceded that at common law the administrator of such intestate could not maintain the action of ejectment for the real estate with which the intestate died seized. Support for the present action is sought, however under the statutes of this state and of the United States.

It was held by this court, in the case of *Filmore v. Reithman*, 6 Colo. 120, that under our statutes, as at common law, the lands of an intestate descend to the heirs and not to the administrator. The heirs, therefore, being the real parties in interest, can alone maintain the present action. Our statutes in reference to descents and distributions are quite similar to those of the state of Illinois; in fact, the resemblance between the two is so striking as to leave no doubt that the former were largely borrowed from the latter state. The adjudications of the court of last resort in Illinois are, for this reason, particularly valuable here. The case of *Smith v. McConnell*, 17 Ill. 135, has long been considered a leading case. It was there held that the lands of one dying intestate descend direct to the heirs; the heirs holding the title in their own right, subject only to the payment of the debts of their ancestor, in the mode provided by law. And it has been repeatedly held in that state that the administrator can only affect the title of such heirs by a sale duly authorized by an order of court. *Walbridge v. Day*, 31 Ill. 379; *Phelps v. Funkhouser*, 39 Ill. 401.

We find nothing in our statute to change this rule, and hence conclude that the administrator in this case must look beyond the state statutes for authority to maintain the action. This is true, at least in the absence of some authorization by the court of probate, and no authority from that source is claimed. If, then, the right of the administrator to maintain this action exists, it must be by virtue of some act of congress.

Counsel call our attention to sections 2322 and 2324 of the Revised Statutes of the United States. By the first of

these sections it is provided, in substance, that the locators of mining claims, their heirs and assigns, so long as they comply with the laws of the United States, and with state, territorial and local regulations not in conflict therewith, shall have the exclusive right of possession and enjoyment of all the surface included within the lines of their locations, etc. By section 2324 it is provided *inter alia* that, upon failure to comply with the conditions as to annual labor, the ground shall be open to relocation, provided that the original locators, their heirs, assigns or legal representatives, have not resumed work upon such claim after failure and before such location.

These two sections taken together, it is claimed, confer the right of possession upon the legal representatives of the intestate, and it is contended the administrator is included in the term "legal representative." As we have seen, at common law, the right of possession to the real estate did not descend to the administrator. Upon doubtful or uncertain language courts will certainly be very reluctant to change the general rule so as to make the mining claim of an intestate an exception. If congress had intended to change such rule, we doubt not language would have been employed which would have left little doubt of such intention. The sections cited do not contain such language. The term "legal representative" is only used in reference to the performance of annual labor upon mining claims. The inference to be drawn from its absence from the only section fixing the right of possession is certainly not favorable to appellant's theory. In our opinion, appellant's claim of right to maintain this action finds no support in any statute which has been cited, and we therefore conclude it is not sanctioned by either state or national legislation. Had a different conclusion been reached, however, upon this branch of the argument, the judgment of the court below could not have been disturbed, the citizenship of Judson not being averred in the complaint. Actions of this character are purely statutory.

Under the act of congress of May 10, 1872, only those who are citizens of the United States, or have properly declared their intention to become such, can either locate or purchase mineral lands belonging to the United States. Hence an allegation of citizenship, or its equivalent, has repeatedly been held necessary to constitute a good complaint in a proceeding to determine adverse claims to such lands preliminary to the issuance of a patent therefor. *O'Reilly v. Campbell*, 116 U. S. 418; *Thomas v. Chisholm*, 13 Colo. 105; *McFeters v. Pierson, post,* p. 201; *Lee Doon v. Tesh,* 68 Cal. 43. The judgment must be affirmed.

*Affirmed.*