MᴄKᴇᴇ, Aᴘᴘᴇʟʟᴀɴᴛ, v. Hᴏᴡᴇ, Aᴅᴍ'ʀ., Aᴘᴘᴇʟʟᴇᴇ.

1. Cᴏᴍᴍᴏɴ Lᴀᴡ—Dᴇsᴄᴇɴᴛ ᴏғ Pʀᴏᴘᴇʀᴛʏ.—The rule of the common law is, that when a person dies intestate his real estate descends to his heir ; but his personal property, including chattels real, vests in his administrator.

2. Rᴇᴀʟ Esᴛᴀᴛᴇ ʙʏ Sᴛᴀᴛᴜᴛᴇ.—In this state, by sundry statutes, interests in lands, such as chattels real, leases for a term of years, and the like, are regarded as real estate instead of personalty.

3. Iɴᴛᴇʀᴇsᴛs ɪɴ Lᴀɴᴅs.—Where a person dies intestate having a title or interest in lands for a term of years, such interest is, by force of our statutes, to be regarded and treated as real estate by his administrator.

4. Aᴄᴛɪᴏɴ ʙʏ Aᴅᴍɪɴɪsᴛʀᴀᴛᴏʀ.—Where an administrator brought an action to remove a cloud from title to certain real estate alleged to belong to his intestate, and the complaint did not aver that the decedent's estate was insolvent or that it was necessary to sell or otherwise dispose of real estate to pay debts, or that there were any debts against the decedent's estate ; *held*, that the complaint did not state facts sufficient to constitute a cause of action in favor of the

administrator in his representative capacity. *Quære*, whether the complaint would have been sufficient if it had contained averments like the foregoing.

*Appeal from District Court of Rio Grande County.*

ACTION by administrator to remove cloud from title to certain real estate alleged to belong to his intestate. Judgment for plaintiff. Defendant appeals.

Mr. IRA J. BLOOMFIELD, for appellant.

Mr. E. F. RICHARDSON, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The plaintiff below, John L. Howe, brought this action as administrator of one Daniel R. Hoover, deceased.

It is assigned for error that the complaint does not state facts sufficient to constitute a cause of action. In the court below this objection was first interposed as a part of the answer; it might have been presented separately by demurrer; but as such an objection may be raised at any time, it must now be considered. Code, secs. 50–55.

The averments of the complaint are to the effect that Hoover in his lifetime, that is, in March, 1888, was the lessee for a term of years of a certain parcel of real estate lying in the county of Rio Grande, state of Colorado; that while he was thus the lessee of said real estate, he became and was wholly incapacitated in body and mind from attending to any business whatever, and thus continued up to the time of his decease on June 23, 1888; that defendant, well knowing Hoover's mental incapacity, induced him while in that condition to subscribe to a written assignment of said lease of said real estate by making his mark thereto, he (Hoover) being unable to write his name; that Hoover had no knowledge of what he was doing in thus making his mark upon said assignment; and that said assignment was made without adequate consideration, etc.

The complaint further states that defendant is using and enjoying said leased premises and claims to be the lawful possessor thereof, and refuses to surrender the same to plaintiff.

Plaintiff prays that said assignment of said lease may be declared void, and that defendant may be required to deliver up the same for cancellation.

The complaint does not aver that the estate of Hoover, deceased, is insolvent; nor is it averred that it is necessary for the administrator to sell or otherwise dispose of any real estate of said decedent to pay any debt or debts allowed against his estate ; nor does the complaint state that there are any such debts. Plaintiff brings the suit solely in his capacity as administrator; he alleges no other right, claim, title or interest in or to the premises described in said lease than such as would without any special order of court accrue to him in such representative capacity.

Upon the facts thus alleged in the complaint it becomes important to consider the nature and character of the estate, that is, the " term of years " in those certain lands which it is averred really and equitably belonged to Hoover at the time of his death. Is the interest of the intestate in said lands to be considered real estate, or is it to be considered personal property? Did such leasehold estate descend to the heir or heirs of Hoover at his death, or did it vest in his administrator as a mere personal asset?

The foregoing questions are not easy of solution. The rule of the common law is, that when a person dies intestate his real estate descends to his heir ; but his personalty, including chattels real, vests in his administrator. In the absence of statute we might be required to hold a chattel real, such as a lease for a term of years, to be personal property, and, hence, a mere asset in the hands of the administrator to be by him disposed of in the ordinary course of the administration and settlement of the decedent's estate without any special order of court for that purpose. Schouler on Ex'rs & Adm'rs, secs. 212, 223; *Murdock v. Ratcliff,* 6 & 7 Ham-

mond, condensed (Ohio) 290 ; *The People etc. v. Brooks*, 123 Ills. 246.

In this state, by sundry statutes, interests in lands, such as chattels real, leases for a term of years, and the like, are regarded as real estate instead of personalty. For example, in the chapter on " conveyances," it is declared:

" The terms ' land ' and ' real estate ' as used in this chapter, shall be construed as co-extensive in meaning with the terms ' lands, tenements and hereditaments,' and as embracing all mining claims and other claims, and chattels real." Gen. Stats., sec. 225 ; 1 Mills' An. Stats., sec. 456.

Again, in the chapter on " Judgments and Executions," it is declared:

" The term real estate in this section shall be construed to include all interest of the defendant or any person to his use, held or claimed by virtue of any deed, bond, covenant or otherwise, for a conveyance or as mortgagor of lands, in fee for life, or for years." Gen. Stats., sec. 1835 ; 2 Mills' An. Stats., sec. 2529.

And finally, in the chapter upon " Statutes," it is provided, among other things, as follows:

" In the construction of all statutes the following rule shall be observed, unless such construction shall be manifestly inconsistent with the intent of the legislature, or repugnant to the context of the same statute ; that is to say : * * *

" The words ' land ' or ' lands ' and the words ' real estate ' shall be construed to include lands, tenements and hereditaments, and all rights thereto, and all interests therein." Gen. Stats., sec. 3141 ; 2 Mills' An. Stats., sec. 4185.

A lease of lands for a term of years is certainly an interest in lands. Blackstone says : " A lease is properly a conveyance of any lands or tenements, made for life, for years, or at will, but always for a *less* time than the lessor hath in the premises ; for if it be for the *whole interest*, it is more properly an assignment than a lease."

So far as we can discover, there is nothing in the statute of " descents and distributions," nor in the statute of " wills,"

of this state indicating that the word lands or the words real estate as used in said statutes were not intended to include all rights and interests in and to lands, such as leases or estates for years. In fact, many expressions in the context of those statutes clearly indicate that all interests in lands belonging to the intestate at his death shall be regarded and treated as real estate in the settlement of his estate. For example, the section directing the manner in which the real estate of a decedent may be subjected to the payment of his debts, provides, among other things, that the administrator shall in his petition describe " particularly the whole of the real estate whereof decedent died seized, or in or to which he or she at the time of his or her decease had *any interest, claim or right, the nature of his or her claim, right or title,*" etc. Gen. Stats., sec. 3578; Mills' An. Stats., sec. 4751.

It seems clear, then, that where a person dies intestate, having a title or interest in lands for a term of years, such interest is, by force of our statutes, to be regarded and treated as real estate by his administrator.

Under our laws the real estate of an intestate descends to his heir or heirs, subject to the payment of his debts. The administrator's power and authority over such real estate is purely statutory. By statute he is empowered to dispose of growing crops either before or after harvesting. If it becomes necessary to resort to the real estate to obtain money to discharge debts against the estate of the decedent, the administrator may, by taking the proper steps, obtain an order from the court to lease, mortgage or sell the decedent's real estate for that purpose. Gen. Statutes, secs. 1039, 3567, 3577; Mills' An. Stats., secs. 1524, 4740, 4750–51; *Fillmore v. Reithman,* 6 Colo. 130; *Keeler v. Trueman,* 15 Colo. 145.

By the act of 1885, Session Laws, p. 395, the administrator is empowered to sue for and recover the rents, issues and profits arising and accruing from certain real estate of the decedent. But so far as we are advised there is no statute in this state authorizing an administrator to institute or carry on any suit or proceeding respecting real estate belonging

to the decedent other than such as might be necessary. to ef-
fectuate the purposes of such statutes as those above men-
tioned.

The cases cited by counsel from Vermont and California
are based upon statutes quite different from ours, and so are
not in point. *Hubbard v. Ricart*, 3 Vt. 207; *McFarland v.
Stone*, 17 Vt. 165; *Meeks v. Hahn*, 20 Cala. 621.

In some states having statutes regulating the authority of
the administrator over the real estate of the decedent similar
to ours, it is held that the administrator may maintain an ac-
tion to set aside a fraudulent conveyance of the decedent's
real estate, for the purpose of subjecting such real estate to
the payments of debts; but the administrator must in sub-
stance aver and prove that there are debts against the estate,
and that the real estate which he thus seeks to recover is
necessary, and liable, to the payment of such debts.

In other states under similar statutes the authority of the
administrator to maintain such an action is denied *in toto;*
and the doctrine is broadly asserted that the administrator
has no power to involve the decedent's estate in litigation
even for the purpose of removing an encumbrance from real
estate with the view to a better price when it shall be offered
for sale; and further, that the administrator takes the estate
of the decedent as he finds it, and can only be authorized to
dispose of it subject to any encumbrances that may be upon
it.  We shall not discuss nor attempt to decide between such
conflicting views; for under neither view could the plaintiff
below have succeeded. under the averments of his complaint
in this action. *Love v. Mikals*, 11 Ind. 227; *Martin v. Bolton*,
75 Ind. 295; *Phelps v. Funkhauser*, 39 Ills. 401; *Drinkwater
v. Drinkwater*, 4 Mass. 353; *Jenkins v. Bacon*, 30 Mich. 154.

It may be urged that section 7 of the act of 1885, *supra,*
is broad enough to authorize this suit.  The language of that
section is quite crude and imperfect.  It does not empower
the administrator to take possession of, or institute suits gen-
erally in respect to, all the real estate of the decedent. . It
authorizes him to "receive, take possession of, sue for and

recover the rents, issues and profits arising and accruing from such of the real estate of the decedent, during the terms of their office or trust, which rents, issues and profits shall be assets in the hands of the executor, or administrator, to be applied under the order of the county court."

This statute would seem to limit the administrator's authority to such real estate of the decedent as is productive of rents, issues and profits, and to the bringing of such actions as may be necessary for the recovery of the income from such real estate—actions quite different in their nature from the present.

Under the averments of the complaint in this action, the heir or heirs of Hoover were the proper parties plaintiff. The facts stated in the complaint are not sufficient to constitute a cause of action in favor of the plaintiff as administrator.

The judgment of the district court must be reversed.

*Reversed.*