## RUPP, ADMINISTRATOR, v. RUPP.

1. EXECUTORS AND ADMINISTRATORS—LANDS OF INTESTATE.

Lands of an intestate descend to and the title vests immediately in the heirs. The administrator has no control over, or right, title or interest in the lands, except to harvest growing crops, and to lease, mortgage or sell in certain contingencies under proper order of the court having probate jurisdiction.

2. SAME—STATUTORY CONSTRUCTION—PLEADING.

Sec. 4691, Mills' Ann. Stat. which authorizes and makes it the duty of administrators and executors to receive, take possession of and sue for and recover rents, issues and profits of the real estate of the decedent, does not authorize the administrator to take possession of lands or tenements, nor to execute or terminate a lease, nor to sue for the ouster of a tenant, unless it be for default in the payment of rent or other condition of the lease, and in such case it would be necessary for him to allege in his complaint the facts required to show his authority to institute and maintain the suit and the default of the tenant.

*Error to the County Court of Lake County.*

Mr. A. J. STERLING, for plaintiff in error.

Mr. JOSEPH W. TAYLOR, for defendant in error.

Mr. A. P. RITTENHOUSE, of counsel.

WILSON, J., delivered the opinion of the court.

This was an action of unlawful detainer instituted in the county court. The plaintiff sues as administrator of the estate of Jacob Rupp, deceased. It appears from the complaint that Jacob Rupp had leased to defendant a certain portion of a house in Leadville by the month. Soon after his death, the plaintiff as the administrator of his estate, demanded from defendant possession of the leased premises, which was refused, and thereupon he served upon her written notice that

the tenancy would terminate at the end of the month, about twelve days thereafter, and requiring her at that time to quit and surrender to him the possession of the premises; defendant failing to comply, this suit was begun to oust her from the possession. There was no allegation in the complaint that defendant had defaulted in the terms of the lease, nor that plaintiff had authority from the county court in any manner to lease, mortgage or sell the premises. Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and the plaintiff electing to stand by it, judgment was rendered against him for costs and dismissing the complaint.

The record does not disclose the precise reason assigned by the trial court for its action, but we infer from the brief of plaintiff's counsel, filed in this court, it was on the ground that so far as it appeared from the averments of the complaint the plaintiff, as administrator, had no authority to sue. This is substantially the sole question discussed by both parties.

It is settled beyond question in this state, that the lands of an intestate descend to the heirs and not to the administrator; that the title vests immediately in the heirs and that the administrator has no control over, or right, title or interest in the lands, except the power to harvest growing crops, and to lease, mortgage or sell in certain contingencies and under proper order of the court having probate jurisdiction. *Fillmore v. Reitman*, 6 Colo. 130; *Keeler v. Trueman*, 15 Colo. 145; *McKee v. Howe*, 17 Colo. 542. In the last cited case the court said:

" Under our laws the real estate of an intestate descends to his heir or heirs, subject to the payment of his debts. The administrator's power and authority over such real estate is purely statutory. By statute, he is empowered to dispose of growing crops, either before or after harvesting. If it becomes necessary to resort to the real estate to obtain money to discharge debts against the estate of the decedent, the administrator may, by taking the proper steps, obtain an order

from the court to lease, mortgage or sell the decedent's real estate for that purpose."

The rule was the same at common law with the exception that chattels real vested in the administrator, but in this state they do not, being required by statute to be treated as real estate. *McKee v. Howe, supra.* Our supreme court has said in *Keeler v. Trueman, supra,* that the resemblance between the statutes in reference to descents and distributions in Colorado and Illinois is so striking as to leave no doubt that those of the former were largely borrowed from the latter state. In that jurisdiction the leading case on the question here at issue is *Smith v. McConnell,* 17 Ill. 135. There the court said: " The administrator, therefore, takes neither an estate, title or interest in the realty. * * * No argument supported by analogy to settled principles, and no authority or decision was shown, which would enable an administrator to support any possessory or real action in law or equity for the recovery or maintenance of possession or title, or to clear up and vindicate title from clouds from adverse claims."

In *Le Moyne et al. v. Quimby et al.,* 70 Ill. 403, the court said: " The administrator of Ricketson had no interest in the land of deceased. He had no right to the possession of it, or the rents to be derived therefrom. In one contingency the administrator has a bare naked power over the land of his decedent and nothing more. That arises where the personal estate is insufficient to pay the debts. * * * The administrator has no right to interfere with the land of the deceased, in any respect, or for any purpose, only to sell it to pay debts."

In this state, however, by special statute enacted in 1885, the administrator is empowered to take possession of, sue for, and recover the rents of real property belonging to the estate. Laws of 1885, sec. 7, p. 395. Under the provisions of this section the plaintiff contends, and urgently insists, that he has express statutory authority to enter and hold possession of the premises in question and to maintain this suit. The section so far as it affects the issues involved in this action reads as follows:

"Sec. 7. Administrators and executors, unless otherwise provided by the will, shall, by virtue of their office or trust, have power, and it shall be their duty to receive, take possession of, sue for and recover the rents, issues and profits arising and accruing from such of the real estate of the decedent, during the terms of their office or trust, which rents, issues and profits shall be assets in the hands of the executor or administrator, to be applied under the order of the county court."

Counsel urge that the words "possession of" must be construed as referring to the lands and tenements; that if it was intended to apply only to rents and profits arising therefrom only the words "collect and receive" would have been necessary and would have been used. We cannot agree with counsel. The language used is plain, specific and unmistakable. We know of no rule of statutory or grammatical construction by which the contention of plaintiff in this respect can be sustained. The words apply solely to rents and profits. The argument might have more force if rents were payable only in money, but they may be payable in property, and it is a matter of common knowledge that the rentals of farming lands are usually a portion of the crops grown. It seems to have been the intent of the legislature to invest administrators and executors with the power to collect and receive rents from lands under lease at the time of the death of the owner, and disburse the same under the orders of the court for the preservation and benefit of the particular land from which it is derived. This would not be in derogation of the rights of the heirs, but on the contrary in their interest. Presumably this power was given to meet a possible contingency of there being at the time no known heirs to the estate, or none presenting themselves to assert their rights. In such case necessity would require that there be some one authorized to receive and preserve these accruing profits for the benefit of the heirs, or of the creditors, if the personal property should prove insufficient to discharge the indebtedness against the estate.

The section does not, however, give any further power or authority over, or in connection with the reality, other than the receipt and collection of the rents. It does not direct nor authorize the administrator to take possession of the lands or tenements. It does not empower him to execute a lease. This power it would seem can only be exercised by virtue of other provisions of the statute under direction of the court and in cases where the personalty appears to be insufficient to pay the debts. Neither can the administrator by virtue of any authority given in this section, terminate an existing lease of his own volition. It is true that being given the power to sue for and recover rents, it might be necessarily implied that he would be authorized, in case of the default of a tenant in any of the conditions of the lease, or in the payment of rent, to give notice of the termination of the tenancy, sue for the rent and for ouster of the tenant from possession. In such an event, however, it would be necessary for him to allege in his complaint the facts required to show his authority to institute and maintain the suit, and the default of the tenant. This has not been done in the case at bar. There is no averment that defendent has failed to comply with any of the terms or conditions of the lease, and no allegation of any fact which even tends to bring the attempted exercise of power by the administrator within the terms of this section. On the contrary the complaint seems to be based upon the assumption and theory that plaintiff had an absolute right to determine a lease existing at the time of decedent's death, whether there was a default or not, and to himself enter into, take and hold possession of the property. For these reasons the complaint does not state facts sufficient to constitute a cause of action, conceding that plaintiff had an implied power in the contingency indicated to maintain a suit for ouster. Neither can the complaint be considered sufficient, if it be claimed that the plaintiff was acting under the authority of the court, properly exercised, by virtue of the statutes giving power to lease, mortgage or sell realty when necessary to pay debts of the estate. It contains no averments showing or

tending to show any such authority or power, and such allegations would be required in order to constitute a good complaint in such an action.

Commenting upon this section seven of the act of 1885, the supreme court in *McKee v. Howe, supra,* said : " This statute would seem to limit the administrator's authority to such real estate of the decedent as is productive of rents, issues and profits, and to the bringing of such actions as may be necessary for the recovery of the income from such real estate." This would appear to be decisive of the case.

For these reasons, we are of opinion that the facts stated in the complaint are not sufficient to constitute a cause of action in favor of plaintiff as administrator. The demurrer was properly sustained and the judgment will be affirmed.

*Affirmed.*