ADAMS v. SLATTERY ET AL.

1. **Estates of Decedents—Descent of Real Estate.**

The real property of an intestate descends directly to the heirs, subject to the payment of the debts of the deceased.—P. 38.

2. **Same—Administrators—Title—Rents.**

The administrator has no title or interest in the real estate except the rents thereof, and except it shall become necessary to have recourse to the real estate to pay the debts of the deceased.—P. 38.

3. **Same—Injury to Land—Action for Trespass.**

A cause of action for trespass or injury to land occurring after the death of the decedent does not pass to the executor or administrator, but to the heir or devisee.—P. 38.

4. **Same—Waste—Injunction—Possession.**

In order to maintain an action to restrain waste, unless complainant is in actual possession, he must establish a valid and subsisting title in himself to the premises.—P. 38.

5. **Same—Executors—Waste—Action.**

An executor who has no estate in the premises, except the right to lease the same, cannot maintain an action for waste, as such action must be by the reversioner in fee.—P. 39.

6. **Same—Administrators—Waste—Injunction—Notice.**

Where petitioner has acquired title to certain real estate previously owned by a deceased person, subject only to the widow's life estate, he is not entitled to a summary order, in the proceedings for the administration of the estate, restraining a tenant in possession from committing waste, but can only obtain such relief in an original action.—P. 39.

*Error to the County Court of Cheyenne County.*
*Hon. Jos. Robinson, Judge.*

Petition by George B. Slattery and Sarah M. Greer, as administratrix of the estate of Orlando J. Greer, for an injunction against W. J. Adams, filed in a proceeding for the settlement of the estate of Orlando J. Greer. From an order denying a motion to set aside the injunction granted, Adams brings error.                                      *Reversed.*

Mr. FRED A. WILLIAMS, for plaintiff in error.

Mr. THOMAS WARD, for defendants in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Sarah M. Greer was the administratrix of the estate of Orlando J. Greer, deceased. The petition of defendant in error in this case is as follows:

IN THE MATTER OF THE ESTATE OF } *Petition.*
    ORLANDO J. GREER, DECEASED.   }

Comes now George B. Slattery and respectfully shows to the court that he holds and owns by proper conveyance all the interest of the heirs at law of Orland J. Greer, deceased, in and to the real estate belonging to said estate, to wit: The S. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ and the E. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of section 26, township 14 south, of range 50 west, in Cheyenne county, Colorado, subject to the life estate of Sarah M. Greer, widow, upon which life estate your petitioner has an option of purchase which will be consummated within a few weeks of this date, whereby the entire title to said land will be vested in fee simple in your petitioner.

That W. J. Adams is now residing on said lands, and that your petitioner is informed and verily believes and so states upon information and belief, that said Adams has made arrangements and is about to and will remove from said lands said fixtures and improvements thereon, to wit: buildings, houses, barns, corrals, fences and other improvements and fixtures in, upon and enclosing said lands, to the great injury to your petitioner and damage to said land and to said estate, and that unless said Adams is restrained by this court from so removing said fixtures and other improvements from said land, he will remove or destroy the same to the great and irreparable injury of said estate and your petitioner.

Wherefore, your petitioner respectfully asks the order of this court directed to said W. J. Adams, commanding him not to remove, destroy, or otherwise dispose of any of the improvements or fixtures upon said land of any kind or nature whatsoever.

GEORGE B. SLATTERY.

This petition was filed on the first day of November, 1902, in the office of the clerk of the county court of Cheyenne county. On the same date the court issued the following order:

IN THE MATTER OF THE ESTATE OF ORLANDO J. GREER, DECEASED. } *Order of Court.*

Now, at this first day of November, coming up for determination the petition of George B. Slattery, and the court, being fully advised in the premises, doth decree and order W. J. Adams not to interfere with, destroy or remove any of the improvements, buildings, barns, corrals, fences or other fixtures situate in or upon or enclosing the lands and premises belonging to the estate of Orlando J. Greer, deceased, to wit: The S. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$, and the E. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of section 26, township 14 south, of range 50 west, and that a copy of this order be served forthwith upon said W. J. Adams.

By the court,

JOSEPH ROBINSON.

On November 21st, plaintiff in error entered his special appearance and moved the court to set aside the order hereinbefore mentioned, stating as reasons for the motion that the writ was issued in the probate proceedings, and not in the exercise of civil jurisdiction of the court; that no process was issued or served whereby the court acquired jurisdiction of the person of W. J. Adams; that the injunction was

a final injunction, and was granted without notice and without hearing for trial; that the writ was not issued for the protection of any interest of the estate of Orlando J. Greer, nor of the heirs of said estate, but for the sole purpose of protecting Slattery; that the court has no jurisdiction over the lands of the deceased; and that the petitioner is a stranger to the proceedings, and not entitled to invoke the jurisdiction of the court.

This motion was denied, and the injunction made permanent. The case is brought here on error.

This is in the nature of an action to prevent waste to real estate. The real estate descended directly to the heirs of the deceased, subject to the payment of the debts of the deceased. The administrator has no title or interest in the real estate except the rents thereof, and except it shall become necessary to have recourse to the real estate to pay the debts of the deceased.—*McKee v. Howe,* 17 Colo. 538.

There is no allegation in this petition that there were any debts, nor that the waste complained of would lessen the rental value, nor that the estate would be prejudiced, except the phrase, which may be said to be a conclusion of law, that the removal of the improvements will constitute a great and irreparable "injury of said estate." On the contrary, the petition shows upon its face that Slattery was the owner of this property in his own right, subject to the life estate of Mrs. Greer; so that the real and only parties in interest were Mrs. Greer and petitioner, in their personal capacity.

A cause of action for a trespass or injury to land, occurring after the death of decedent, does not pass to the executor or administrator, but to the heir or devisee.—11 Am. & Eng. Enc. Law, 833.

In order to maintain an action to restrain waste, unless complainant is in actual possession, he must

establish a valid and subsisting title in himself to the premises.—30 Am. & Eng. Enc. Law 287.

This action is brought in the name of the estate of Orlando J. Greer. The averments of the petition negative any presumption that might exist as to the title being in the estate.

An executor who has no estate in the premises except the right to lease the same cannot maintain an action for waste. Such action must be by reversioner *in fee.—Page v. Davidson*, 22 Ill. 112.

It is apparent that the action cannot be maintained on behalf of the estate of decedent. Consequently, the rule that probate courts have power to summarily issue orders for the protection of the estate does not apply.

The action, while entitled "In the Matter of the Estate of Orlando J. Greer, Deceased," is, as a matter of fact, a personal action between Slattery and Adams, or Slattery, Mrs. Greer and Adams, and, in such case, the defendant was entitled to notice of the application for an injunction, unless the applicants made the necessary showing and filed a bond pursuant to the provisions of the statute. Before the injunction could be made permanent, the defendant was entitled to have his day in court. This was denied him. Consequently, the judgment of the county court will be reversed, and the cause remanded.                                         *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.