No. 15,555.

McMILLEN *v.* BLILEY ET AL.
(177 P. [2d] 547)

Decided December 30, 1946. Rehearing denied February 3, 1947.

Mr. A. K. BARNES, for plaintiff in error.

Mr. WARREN B. HALE, for defendants in error.

*En Banc.*

MR. JUSTICE LUXFORD delivered the opinion of the court.

THE parties appear here in the same order as in the trial court and are hereinafter referred to as plaintiff and defendants.

Plaintiff brought this action against defendants to recover possession of a house and lot in Cripple Creek, Colorado, and for the rental value thereof during defendants' occupancy. He obtained his title by quitclaim deed from the executors of the will of Samuel Jamison, deceased. It was recorded in the office of the county clerk and recorder of Teller county on July 29, 1940.

Samuel Jamison, a resident of Pennsylvania, died testate; his last will and testament was admitted to probate in said state, and the executors were duly qualified and acting as such when they signed the aforesaid quitclaim deed.

February 6, 1939, on petition of his executors, said Samuel Jamison's will was admitted to probate as a foreign will in the county court of Teller county, Colorado. The court appointed Gilbert L. McDonough administrator with the will annexed, and he. filed his oath and bond on February 21, 1939.

Defendants denied plaintiff's title and claimed title in a defendant by reason of a treasurer's tax deed. Plaintiff alleged that said deed was void because of material defects. The case was tried to the court without a jury. At the close of all the evidence, upon motion of defendants' counsel, the court dismissed plaintiff's complaint and held that the title to all assets of the estate in Colorado was vested in the administrator appointed in this state and that the foreign executors had no power to convey the same. The issues then are: Did the deed from the executors named in the will, with power of sale, duly appointed and acting in Pennsylvania, pass the title of deceased to plaintiff? And, second, did defendant's tax deed divest the title of plaintiff's grantors?

■ The title to real estate vests in the heirs, devisees or legatees upon the death of the owner subject to the payment of debts. There are no debts involved in this case. This general rule of law is stated in *Rupp, Admr. v. Rupp,* 11 Colo. App. 36, 37, 52 Pac. 290; *McKee v. Howe,* 17 Colo. 538 at page 542, 31 Pac. 117; *Adams v. Slattery,* 36 Colo. 35, 38, 85 Pac. 87.

■ Samuel Jamison's will, duly admitted to probate, vested title to all his property in his executors, in trust, for the purposes therein stated. *McLaughlin v. Collins,* 109 Colo. 377, 383, 125 P. (2d) 633, 636.

■ By his will, decedent devised his property to his executors in trust for an expressed purpose, with which the administrator with the will annexed had nothing to do. *Gehr v. McDowell,* 206 Pa. St. 100, 55 Atl. 851, 852; *Penn v. Fogler,* 182 Ill. 76, 55 N.E. 192.

The same rule, and the reason therefor, is stated in 34 C.J.S., p. 1295, §1034 c., as follows: "As a general rule a power of selling real estate conferred by will on an executor is one of personal trust and confidence which cannot be exercised by an administrator with the will annexed." See, also, *Keel v. First Nat. Bank of Pikeville,* 271 Ky. 745, 113 S.W. (2d) 33, 35.

■ Samuel Jamison named his brother John Jamison and a Pennsylvania company executors of his will, and trustees of his estate. The court appointed them. They were given all of his estate, real and personal in trust. The net income therefrom was to be paid to his afore-said brother for life. Said executors and trustees were given full power and authority to sell real estate, to invest and reinvest the funds of the estate, but specifically they were not confined "to what are technically known as legal investments." Considering the entire will, we conclude that the power vested by decedent in his execu-tors and trustees was of a personal character, based on the confidence he had in them, thus bringing the case within the class adverted to in *Keel v. First Nat. Bank of Pikeville, Supra.*

The record does not show that Gilbert L. McDonough, administrator with the will annexed, ever made applica-tion to the court to sell the real estate involved herein. Neither does it show that any claims were filed against the estate. It does show, however, that McDonough did, in 1939, bring suit in the district court of Teller county, Colorado, against H. A. Bliley, one of the defendants herein, to recover the possession of the property in con-troversy. It also shows said suit was dismissed without prejudice on February 27, 1940. Apparently it was not the intention of the Pennsylvania executors to have the Colorado administrator with the will annexed transfer the property in question. It was not necessary to have letters testamentary issue in Colorado. The will having been admitted to probate in Colorado, the Pennsylvania executors had full power and authority to convey the property to plaintiff which they did. Said conveyance transferred to him good title to whatever interest they had.

We are of the opinion that the court erred in finding and holding that plaintiff had no title sufficient to main-tain the action.

The trial court did not pass upon the validity of de-

fendant's tax deeds, but the record clearly shows that they are void.

The judgment is reversed and the cause remanded with directions to the district court to enter judgment for plaintiff for possession of the property involved herein, and to take testimony to determine the amount of money paid by defendants for taxes on said premises, with interest, the amount of rental value of the property during the defendants' occupancy, and to enter judgment for the amount so determined against the party found to be owing the same.

MR. JUSTICE JACKSON and MR. JUSTICE STONE not participating.