**Helen BLIZZARD, sometimes also known in Religion as Sister Margaret Lois, Plaintiff,**

**v.**

**Lois V. PENLEY, sometimes also known as Lois V. Penley Judd, and The First National Bank of Lamar, a banking corporation, Defendants.**

**Civ. No. 6467.**

United States District Court
D. Colorado.

Sept. 6, 1960.

---

748

Creamer & Creamer and Gerald M. Quiat, by George Louis Creamer, Denver, Colo., for plaintiff.

Carl M. Shinn, Lamar, Colo., for defendant, Lois V. Penley, sometimes also known as Lois V. Penley Judd.

CHILSON, District Judge.

The complaint alleges that one George Blizzard, a resident of Colorado, died intestate on July 25, 1957, leaving as his sole and only heirs at law the plaintiff, Helen Blizzard, the defendant, Lois V. Penley, and one Mary Margaret Maltby, the latter being the administratrix of the estate.

The complaint also alleges that on July 11, 1957, the defendant, Penley, by fraud, coercion, and undue influence, caused the deceased, while mentally incompetent, to transfer to her certain real and personal property, and as a result of said transfers, the administratrix has in her hands no assets, all thereof having been appropriated and converted by the defendant, Penley, to her own use.

Upon these allegations the complaint bases five statements of claim, which may briefly be described as follows:

First: That the deed conveying the real property from the deceased to the defendant, Penley, is void, and the plaintiff prays for a cancellation of that deed and a decree declaring the property to be vested in the three heirs at law, namely: the plaintiff, the defendant, Penley, and Mary Margaret Maltby, in undivided one-third interest each, and for a judgment in favor of the plaintiff and against the defendant for such sums as may be claimed as liens against the interest of the plaintiff for state and federal taxes occasioned by the default of the defendant, Penley, and for exemplary damages.

Second: That defendant, Penley, has received the rents, issues and profits from the real estate since the decedent's death on July 25, 1957, and prays for an accounting to the plaintiff for one-third thereof and for exemplary damages.

Third: That a bill of sale executed by the deceased to Penley on July 11, 1957, transferring to the defendant certain chattels, was void for the reasons heretofore stated; that Penley has sold the property and has deposited the proceeds in her name in the First National Bank of Lamar, and plaintiff prays for a decree impressing a trust in favor of the plaintiff on the funds of defendant, Penley, in said bank, to the extent of the value of the property wrongfully converted, and for judgment in favor of plaintiff and against the defendant, Penley, for the value of plaintiff's alleged one-third interest therein.

Fourth: That the deceased, on July 11, 1957, executed his signature on a blank check drawn on the First National Bank of Lamar, Colorado, and that defendant, Penley, used said check to transfer the deceased's bank account to the defendant, Penley, and that the check and transaction are void; on July 10, 1957, the defendant, Penley, obtained possession of the deceased's strong box in the First National Bank of Lamar and the contents thereof, and that said contents are now in a safety deposit box in said bank in the name of the defendant, Penley, and prays the Court to declare the transfer of the checking account and strong box to Penley null and void; to declare the property so conveyed to be vested in the three heirs; to impress a trust in favor of the plaintiff upon the funds of Penley in said bank and upon the contents of the safety deposit box; and for an accounting by Penley for the property and exemplary damages.

Fifth: That defendant, Penley, embezzled or alienated the monies, goods, chattels, or effects of the deceased prior to the granting of letters of administration to Mary Margaret Maltby, and prays judgment in favor of the plaintiff and against defendants, Penley and the Bank, in the amount of one-third of the value thereof.

The defendant's motion to dismiss the complaint is based upon two grounds:

1. That the complaint fails to state a claim upon which relief can be granted;

2. That Mary Margaret Maltby is a necessary party plaintiff and that with Mary Margaret Maltby as a plaintiff, there is no diversity of citizenship and this Court lacks jurisdiction.

■ In Colorado, upon the death of a person intestate, the title to real property vests immediately in the heirs at law, subject, however, to the right of the administratrix to cause the real estate to be sold for the payment of debts. McMillen v. Bliley, 115 Colo. 575, 177 P.2d 547; Fastenau v. Engel, 129 Colo. 440, 270 P.2d 1019. The title to personal property of an intestate deceased passes to the administratrix, as does also the right to receive the rents, issues and profits of the real estate during the period of administration. McKee v. Howe, 17 Colo. 538, 31 P. 115; Adams v. Slattery, 36 Colo. 35, 82 P. 87.

■ The Court concludes that, an administratrix having been appointed, the administratrix and only the administratrix may maintain the second, third, fourth, and fifth statements of claim, and that the same cannot be maintained by the plaintiff as an heir at law. Therefore, the second, third, fourth and fifth statements of claim do not state claims upon which relief can be granted.

It Is Therefore Ordered that the second, third, fourth, and fifth statements of claim be and the same are hereby dismissed.

The first statement of claim alleges that the deed from the deceased to Penley is void. If proven, the deceased was the owner of the real estate at the time of his death. Upon his death, the title to the real estate vested immediately in his heirs at law.

■ If the allegations of the first statement of claim are sustained by proof, the plaintiff is entitled to relief

as one of the owners of the lands involved. The Court concludes that the first statement of claim states a claim upon which relief may be granted.

It Is Therefore Ordered that the motion to dismiss the first statement of claim on the ground that the same does not state a claim upon which relief can be granted, be and the same is hereby denied.

The Court next considers the second ground of the motion to dismiss, which in substance is that Mary Margaret Maltby is an indispensable party to the proceeding, and that her joinder would destroy the diversity of citizenship upon which this Court's jurisdiction of the action is based.

Rule 19 of the Rules of Civil Procedure, 28 U.S.C.A. provides:

"(a) Necessary Joinder. Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.

"(b) Effect of Failure to Join. When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

The first question to be determined to apply the foregoing rule is whether or not Mary Margaret Maltby is an indispensable party to this action. If she is, this Court has no discretion to exercise but must require her joinder to the action.

If she is an indispensable party, it appears that her proper alignment in the action would be that of a party plaintiff, for her interests in the subject matter of the action appear to be identical with those of the plaintiff.

However, the joinder of Mary Margaret Maltby as a party plaintiff would destroy the diversity of citizenship upon which the jurisdiction of this Court is based, because Mary Margaret Maltby is a resident of the State of Colorado, as is also the defendant, Penley.

If Maltby is a necessary but not an indispensable party to this action, the disposition of the motion to dismiss should be made under Rule 19(b).

■■ The basic principles upon which to distinguish between "necessary" and "indispensable" parties have not changed since they were established in the case of Shields v. Barrow, 17 How. 129, 130, 15 L.Ed. 158, wherein the Court stated in part as follows:

"Persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it do decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights in it * * * are commonly termed necessary parties; but if their interests are separable from those of the parties before the court so that the court can proceed to a decree, and do complete and final justice, without affecting other persons, not before the court, the latter are not indispensable parties. * * * Persons who not only have

an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and in good conscience" are indispensable parties.

The application of these rules to particular cases has resulted in decisions which are difficult, if not impossible, to reconcile.

■ If this court is to grant all of the relief prayed for in the first statement of claim, Maltby is clearly an indispensable party. The prayer of the first statement of claim, among other things, prays the court to declare the property "to be vested in equal undivided one-third interests in the plaintiff, the defendant Lois V. Penley, and the said Mary Margaret Maltby." If the court is to determine the interests of Maltby in this litigation, then clearly Maltby is an indispensable party because her interests are clearly affected. However, this Court is not bound by the prayer for relief, and may grant only such part of the relief prayed for as the Court may deem it has authority to grant. Federal Rules of Civil Procedure, Rule 54(c); Kansas City, St. L. & C. R. Co. v. Alton R. Co., 7 Cir., 124 F.2d 780; Johnson v. Jackson, D.C., 82 F.Supp. 915, 918. Consequently, the prayer for relief is not conclusive on the question of the indispensability of Maltby as a party.

In view of the existing conflict in the application of the rules set forth in Shields v. Barrow (supra), this Court looks for guidance to the decisions of the Court of Appeals of the Tenth Circuit.

In Holt v. King, 10 Cir., 250 F.2d 671, 675, decided December 16, 1957, the Court held that two of three tenants in common of land in the State of Kansas could maintain an action to quiet title to real estate without the joinder of the other cotenant. The Court, after pointing out that in Kansas less than all tenants in common may maintain as against third parties an action in ejectment and for forcible entry and detainer, stated:

> "The plaintiffs have the right to have their title determined. The rights of Edwards (the unjoined cotenant) cannot be determined herein and consequently they will not be injuriously affected. Rule 19(b) makes it clear that the judgment will not 'affect the rights or liabilities of absent persons.'"

The Court then held that Edwards was not an indispensable party to the action.

■ The holding in Holt v. King (supra), is applicable to the instant case, for Colorado, like Kansas, follows the rule that one tenant in common may maintain an action to recover possession of the common property as against all persons except cotenants. Carlson v. McNeill, 114 Colo. 78, 83, 162 P.2d 226. Although in Holt v. King, the action was one to quiet title, basically the Court can see no material distinction between an action by one cotenant to quiet title to land and an action by one cotenant to establish title by the cancellation of a deed alleged to be void.

■ Upon the authority of Holt v. King (supra), this Court concludes that Maltby is not an indispensable party.

The Court is of the opinion that Maltby is a necessary party, for only by her joinder can the Court "finally determine the entire controversy and do complete justice." Under Rule 19(b) the Court should order her summoned to appear in the action unless her joinder would deprive the Court of the jurisdiction of the parties now before it. The Court has previously indicated that the proper alignment of Maltby's interest is that of a party plaintiff, and that her joinder would destroy the diversity of citizenship which is necessary for this Court's jurisdiction. Consequently, the Court cannot order her joinder.

Under these circumstances, Rule 19 (b) gives this Court the discretion to proceed with the action without making

Maltby a party, or the discretion not to proceed with the action. Curtis v. American Book Co., D.C.S.D.N.Y.1955, 17 F.R.D. 504; Samuel Goldwyn, Inc. v. United Artists Corp., 3 Cir., 1940, 113 F.2d 703.

There are many reasons why the Court should exercise its discretion not to proceed with the action. Among them are the fact that the state court is readily available to determine the first statement of claim. Maltby being a citizen of Colorado, is subject to service of process, and Maltby ought to be a party to a determination of this controversy in order that the Court may finally determine the entire controversy and do complete justice by adjusting all of the rights of the parties in the real estate, rather than by piecemeal procedure of determining only a part of the controversy in this Court.

However, there is one compelling reason why the Court should proceed in this action without making Maltby a party. It appears to the Court that an action in the state court may be barred by the statutes of limitation of the State of Colorado.

More than three years have expired since the death of the grantor in the deed which is here sought to be set aside on the ground of mental incapacity of the grantor, undue influence, and fraud. It appears that such an action may be barred by 87–1–9 or 87–1–10 C.R.S. 1953, which read:

"87–1–9. *Actions barred in three years.*—The following actions shall be commenced within three years next after the act complained of and not afterwards:

"(1) All actions based upon implied or constructive fraud.

"(2) All other actions of every kind for which no other period of limitation is provided for by law.

"The above shall not apply to any particular action where a different or other limitation is now provided for by law.

"Nothing in this section shall be construed as reviving any cause of action which may be barred by any former or other statute."

"87–1–10. *Relief on ground of fraud—three years.*—Bills for relief on the ground of fraud, shall be filed within three years after the discovery by the aggrieved party, of the facts constituting such fraud, and not afterwards."

The Colorado Supreme Court has held that an action by the heirs at law of a deceased to set aside a deed of real property executed by the deceased during his lifetime, on the grounds of undue influence and mental incompetency, was an action within the contemplation of Section 6403, C.L. 1921 (being 87–1–10 C.R.S. 1953).

The United States Supreme Court, in 1955, in the case of Shaughnessy v. Pedreiro, 349 U.S. 48, 54, 75 S.Ct. 591, 595, 99 L.Ed. 868, stated:

"Our former cases have established a policy under which indispensability of parties is determined on practical considerations."

This Court is of the opinion that in exercising its discretion as to whether or not to proceed with this case in the absence of Maltby, it should not ignore practical considerations. The Court concludes that it cannot in equity and good conscience refuse to proceed with this matter, where it appears that such failure to proceed might prevent the plaintiff from obtaining a judicial determination of her claim.

It Is Therefore Ordered that the motion to dismiss the first statement of claim on the second ground of the defendant's motion to dismiss be and the same is hereby denied.

It Is Further Ordered that the defendant shall have 20 days within which to file an answer to the complaint.