Judy COLLINS and Joan Snyder, Plaintiffs–Appellees,

v.

John A. SCOTT and Ted Ross, Defendants–Appellants.

No. 95CA1689.

Colorado Court of Appeals, Div. V.

Sept. 26, 1996.

Rehearing Denied Oct. 31, 1996.

Certiorari Denied Aug. 18, 1997.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

James D. King & Associates, P.C., J. Gregory McAuliffe, James D. King, Denver, for Plaintiffs–Appellees.

Isaacson, Rosenbaum, Woods & Levy, P.C., Frederick B. Skillern, Theresa L. Corrada, Denver, for Defendants–Appellants.

Opinion by Judge ROY.

In this action to quiet title, defendants, John A. Scott and Ted Ross, appeal from the partial summary judgment entered in favor of plaintiffs, Judy Collins and Joan Snyder, which fully adjudicated the dispute between the parties. The parties agree that there is no issue as to any material fact. We affirm.

This action involves the title to real property inherited by plaintiffs and their brother Phillip Goeddel (Goeddel) from their mother. Mother's will, admitted to informal probate on February 16, 1984, devised an undivided one-sixth of the subject property to each of the plaintiffs and an undivided two-thirds to Goeddel. Goeddel conveyed his share of the property to plaintiff Snyder by a quitclaim deed dated March 5, 1991.

Approximately two years later, Goeddel entered into a receipt and option agreement

by which he granted defendant Scott an option to purchase an undivided two-thirds interest in the subject property for $50,000.

The 1991 quitclaim deed to Snyder was recorded on July 26, 1993, at 9:15 a.m. The receipt and option agreement was recorded on that same date at 2:48 p.m.

On September 1, 1993, the personal representative of mother's estate executed a personal representative's deed prepared by defendant Scott's attorney conveying an undivided two-thirds interest in the subject property to Goeddel, and that deed was recorded on September 9, 1993. The personal representative's deed stated, *inter alia,* that mother died testate; that her will dated December 2, 1982, had been admitted to informal probate on February 16, 1984; that the grantor had been appointed personal representative on February 16, 1984, and was acting in that capacity; and that the personal representative's deed was a deed of distribution pursuant to the terms of the will.

Goeddel thereafter purported to convey an undivided two-thirds interest in the subject property to Scott pursuant to the receipt and option agreement by a warranty deed dated October 1, 1993, and recorded October 6, 1993.

## I.

Defendants argue that the trial court erred in determining that Scott had constructive notice of the quitclaim deed to plaintiff Snyder. We disagree.

■ Under Colorado's race-notice statute, § 38-35-109, C.R.S. (1995 Cum.Supp.), proper recording of documents provides constructive notice of interests affecting title. *Nile Valley Federal Savings & Loan Ass'n v. Security Title Guarantee Corp.,* 813 P.2d 849 (Colo.App.1991). However, the record of an instrument is notice only to those persons claiming under the same chain of title who are bound to search for it. *Greco v. Pullara,* 166 Colo. 465, 444 P.2d 383 (Colo.1968).

■ Documents outside the chain of title provide no notice unless a possible irregularity appears in the record which indicates the existence of some outside interest by which the title may be affected. In such cases, a purchaser is bound to investigate and is charged with knowledge of the facts to which the investigation would have led. *Ragsdale Bros. Roofing, Inc. v. United Bank,* 744 P.2d 750 (Colo.App.1987).

■ Section 15-12-101, C.R.S. (1987 Repl. Vol. 6B) provides, in pertinent part, as follows:

The power of a person to leave property by will and the rights of creditors, devisees, and heirs to his property are subject to the restrictions and limitations contained in this code to facilitate the prompt settlement of estates. *Upon the death of a person, his real and personal property devolves to the persons to whom it is devised by his last will or to those indicated as substitutes for them in cases involving lapse, renunciation, or other circumstances affecting the devolution of the testate estate* ... subject to exempt property and family allowances, rights of creditors, elective share of the surviving spouse, and administration. (emphasis added)

Therefore, Goeddel held legal title, though not record or marketable title, to an undivided two-thirds interest in the subject property upon the death of mother. The legal title held by Goeddel was alienable by Goeddel anytime following the death of mother. *See People v. McCormick,* 784 P.2d 808 (Colo. App.1989). Hence, Goeddel's issuance of a quitclaim deed to plaintiff Snyder conveyed his interest in the subject property.

The crux of the issue is whether Scott was on constructive notice of this conveyance. Recording in the office of the appropriate clerk and recorder is constructive notice. Section 38-35-109; *Arnove v. First Federal Savings & Loan Ass'n,* 713 P.2d 1329 (Colo. App.1985). The clerk and recorder is required to maintain in his or her office a general index both direct, *i.e.,* grantor-grantee, and inverted, *i.e.,* grantee-grantor. Section 30-10-408, C.R.S. (1986 Repl.Vol. 12A).

■ It is apparent that mother would appear in the grantee index at some point prior to her death. Further, the recitations contained in the personal representative's deed, read in conjunction with the probate code,

give notice to Scott that Goeddel had an interest in the subject property prior to the recording of the personal representative's deed.

As pertinent here, 11 *Thompson on Real Property* § 92.07(d) (D. Thomas ed. 1994), states as follows:

Under the chain of title doctrine, the scope of a reasonable search of each owner in the grantor index is limited by time boundaries. The entries in the grantor index are in chronological order. *Each owner should be examined in the grantor index from the date such owner actually acquired the title interest being searched through the date of recordation of the transaction which transferred the interest from the owner.* Transactions indexed before or after these time boundaries may be considered to be recorded outside of the chain of title. Under strict chain of title doctrine, recordation outside of the chain of title is equivalent to not being recorded at all. As a result, a searcher is not charged with notice of any documents outside the chain of title. (emphasis added)

Goeddel acquired legal title to the property upon his mother's death. The personal representative's deed by virtue of which Scott claimed an interest in the subject property, while not notifying him of the date of death, did advise him that mother died testate, that her will had been admitted to probate and when, that the acting personal representative had been appointed and when, and of the court in which the probate proceedings were pending. A search of the grantor-grantee index from the date the will was admitted to probate would have disclosed the quitclaim deed from Goeddel to plaintiff Snyder. Accordingly, we reject defendants' contention that the quitclaim deed was outside of the chain of title and conclude that the trial court properly concluded as a matter of law that Scott was put on constructive notice of the transfer to Snyder by the prior recording of the quitclaim deed.

Therefore, there being no genuine issue of a material fact, the plaintiffs are entitled to judgment as a matter of law. *See Cung La v. State Farm Automobile Insurance Co.,* 830 P.2d 1007 (Colo.1992).

## II.

Defendants, however, contend that the trial court erred when it held that the personal representative's deed did not revest Goeddel with title to the property. Again, we disagree.

■ The legal title which passes to the heir or devisee on death, as we have noted, is not of record. In addition, it is subject to the prior claims specified in § 15–12–101. Therefore, the legal title vested in the devisee or heir solely by virtue of the owner's death is subject to the powers of the personal representative and is capable of being divested during the administration of the probate estate. *Board of County Commissioners v. City & County of Denver,* 193 Colo. 211, 565 P.2d 212 (1977); *see also McMillen v. Bliley,* 115 Colo. 575, 177 P.2d 547 (1946); *Nichols v. Lee,* 16 Colo. 147, 26 P. 157 (1891). Defendants acknowledge that Goeddel, as a devisee of an interest in the property, had legal title which he could convey.

■ In this instance, there is no allegation that a proper administrative purpose arose, such as the need to pay decedent's debts or the costs of probate, which might have required the personal representative to exercise his power over the property. The personal representative's deed to Goeddel was, instead, merely a formal validation of the interest he inherited. We, therefore, conclude that the issuance of a personal representative's deed to a devisee in the normal course of probate does not divest the devisee's prior legal title, nor does it invalidate any prior transfer thereof by the devisee.

Judgment affirmed.

RULAND and CASEBOLT, JJ., concur.