528 P.2d 922 (1974)
Richard D. BAKER and John Greenlee, Plaintiffs-Appellants,
v.
Jack ALLEN et al., Defendants-Appellees.
No. 73-362.
Colorado Court of Appeals, Div. II.
September 17, 1974.
Rehearing Denied October 22, 1974.
Certiorari Denied December 23, 1974.
*923 William L. Carew, Thomas H. Birch, and Alfred C. Coxe, Edward L. Iskiyan, Colorado Springs, for plaintiffs-appellants.
Ross & Frederick, Michael J. Frederick, Colorado Springs, for defendants-appellees.
Selected for Official Publication.
COYTE, Judge.
The real property which is the subject matter of this litigation was owned by William Ebb Allen (husband) and Margaret Annie Allen (wife) prior to their deaths. Plaintiffs joined together in a suit against the heirs and the personal representatives of husband and wife. Plaintiff John Greenlee sought sale of the husband's interest in the property by virtue of a writ of execution issued out of the district court of El Paso County. Plaintiff Richard D. Baker sought to quiet title to his asserted interest in the property which he had acquired from the trustee in bankruptcy on a sale of the husband's interest in the property, an accounting from the heirs and personal representatives of the husband and wife, and a partition sale of the property. The court granted defendants' motion for summary judgment in favor of defendants against the claim of plaintiff John Greenlee, and after a pre-trial hearing, where there was no issue of fact, the court entered judgment in favor of defendants on the claim of Richard D. Baker. Both plaintiffs appeal, contending that the court erred in its ruling. We affirm.
Husband and wife acquired the property in 1957. A first deed of trust was placed on the property by them at that time and a second deed of trust was placed on the property on April 14, 1964. On August 27, *924 1964, the wife placed a homestead exemption on the property. On June 23, 1965, Greenlee obtained a judgment in the amount of $5,682.03 against the husband, recorded a transcript thereof on that date, and on October 18, 1965, had the sheriff of El Paso County file a certificate of levy on the husband's interest in the subject property. On August 23, 1965, the husband executed a deed conveying his interest in the property to the wife, which deed was not recorded until November 24, 1970. On August 25, 1965, the husband filed a petition in bankruptcy in the Federal District Court, and a trustee in bankruptcy was appointed. On April 19, 1966, the trustee in bankruptcy quitclaimed all of the husband's interest in the property to plaintiff Richard D. Baker for $50, which deed was recorded on April 21, 1966. The husband died intestate on January 15, 1972, and the wife died testate on April 5, 1972. On November 3, 1972, again in pursuance of the Greenlee June 23, 1965 judgment, the sheriff filed another certificate of levy on the property.

Greenlee's Claim
Greenlee argues either that Baker acquired the husband's interest in the property by virtue of the trustee's deed, subject to the lien created by Greenlee's judgment, or that if the deed from the trustee to Baker did not convey the husband's interest in the property to Baker, then the defendants hold the real estate following the death of Mr. and Mrs. Allen subject to Greenlee's certificate of levy filed on November 3, 1972. He further contends that defendants are estopped to deny the validity of the November 3, 1972 certificate of levy because Mr. and Mrs. Allen would have been estopped had they survived the creation of the 1972 lien.
There is no contention by defendants that the 1965 deed from husband to wife had any effect upon the transcript of the judgment or upon the certificates of levy filed by Greenlee. The arguments by plaintiff that this deed somehow hindered, delayed, and defrauded Greenlee are not borne out by the record. Greenlee, prior to the deed, established a valid lien on the property which he could have foreclosed at any time during its existence had he chosen to do so. At the time of the death of husband, any real property in which he had an interest either passed by the laws of descent and distribution subject to claims against his estate, see McMillan v. Bliley, 115 Colo. 575, 177 P.2d 547, or the property owned jointly by him and his wife passed, by virtue of the quitclaim deed or by virtue of the joint tenancy, to the wife, subject to any valid liens existing against the property.
The transcript of judgment which was recorded on June 23, 1965, remained a lien upon the property of the husband for six years until June 23, 1971. C.R.S.1963, 77-1-2(1). The certificate of levy was filed on October 18, 1965, and remained a lien upon the real estate of the husband for six years from the date of the filing of the certificate. C.R.S.1963, 77-5-1. This action was commenced on November 22, 1972. Therefore, at the time of the husband's death, Greenlee had no lien on the property by virtue of the recording of the judgment nor by the filing of the first certificate of levy.
Greenlee's second certificate of levy was filed on November 3, 1972. A judgment creditor of a deceased person has no right or power to attach property after death by an execution lien. C.R.S.1963, 153-12-5(2). Rather, the exclusive remedy of a creditor of a deceased person who does not hold a valid lien on any property on the date of death is to file a claim in the estate of the deceased, or if no estate proceeding has been commenced, to himself commence such proceeding and file a claim therein within one year from the date of death. C.R.S.1963, 153-7-2 and 3.
The fact that William E. Allen had conveyed or attempted to convey his interest in the property to his wife before his death by a deed executed before his bankruptcy but not recorded until 1970 does not alter *925 the remedy which must be pursued by the judgment creditor. If the judgment creditor believed that the deed was void or voidable, and that William E. Allen retained some interest in the real estate until his death, the proper procedure for the judgment creditor to follow was to open an estate for William E. Allen and to pursue the matter through probate proceedings. C.R.S.1963, 153-7-2 and 3.
All of the facts above recited are contained in the pleadings and affidavit of the parties and were properly before the court and support the judgment entered in favor of defendants and against plaintiff Greenlee.

Richard D. Baker's Claim
C.R.S.1963, 77-3-1, provides that every householder in the State of Colorado being the head of a family shall be entitled to a homestead not exceeding in value the sum of $5,000 (the amount prior to July 1, 1973) exempt from execution and attachment arising from any deed, contract, or civil obligation. Such homestead exemption may also be asserted by the spouse of the owner. C.R.S.1963, 77-3-2(2).
The bankruptcy statute at 11 U.S.C. § 24 provides:
"This title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months immediately preceding the filing of the petition. . . ."
11 U.S.C. § 110(a) provides that where exempt property exists, it does not vest in a trustee except where the value of the property exceeds the amount of the exemption and any valid liens; and to that extent, the trustee has an interest which permits him to sell the property. See 4A Collier on Bankruptcy § 70.08 at 99 (Moore's 14th ed.).
So far as the sale of real property belonging to the bankrupt is concerned, the trustee in bankruptcy is in the same position as a creditor, and by reason of 11 U.S.C. § 24 and § 110(a), must comply with state law so far as is necessary to preserve the state exemption which is guaranteed the bankrupt. If the bankrupt's interest in the real estate involved exceeds the amount of valid liens plus the homestead exemption, then the trustee may sell the property for the purpose of obtaining the excess value to satisfy claims of creditors. If such a sale is held, the amount of the homestead exemption must be set aside to the bankrupt and he shall receive the amount in cash. C.R.S.1963, 77-3-6(2).
1965 Perm.Supp., C.R.S.1963, 77-4-9, provides in part:
"Court may order saleproceeds.In case the court finds that a portion of such property is exempt to such value as is by statute fixed as being exempt, but that the property seized is of a greater value, and said property so seized cannot be readily divided, the court may order said property to be sold, and out of the first proceeds of said sale, the defendant debtor shall be paid the amount, as is provided by statute, of his exemption."
C.R.S.1963, 77-3-6, provides:
"Levy on homesteadexcesscosts(1) When any creditor of the owner of the homesteaded property believes that such property is of a value greater than the amount fixed in section 77-3-1, such creditor may file an affidavit with the sheriff or other proper officer authorized to levy on such real estate so stating and such creditor may proceed against said property as in ordinary cases. If said property shall sell for more than the amount so exempt, plus proper costs and expenses, the amount realized over and above such exemption shall be applied to satisfy the demand of such creditor, and the exempt amount shall be paid to the owner or person entitled to such homestead. If the amount offered for such property upon such sale shall not exceed the amount of such exemption plus proper costs and expenses, then *926 all proceedings to sell such property shall terminate, and the sheriff or other proper officer shall file for record in the office of the clerk and recorder of the proper county, an instrument releasing all levies on such property in connection with such sale, and the person instituting the proceedings shall pay the costs of such proceedings and the title of the owner to said property shall not be impaired or affected.
(2) If the successful bidder at such sale shall be a judgment creditor, said judgment creditor shall be required to pay in cash to the sheriff or other proper officer making the sale, an amount sufficient to pay the exemption plus the proper costs and expenses and shall not have the right to have such exempt amount applied toward the satisfaction of his judgment."
In In re Nye, 133 F. 33 (8th Cir.) the court stated:
"[T]he several provisions of the statute are construed to mean that a homestead designated and occupied as such becomes and remains exempt until by a judicial sale, had at the instance of a creditor, more than the prescribed amount with costs is realized therefrom, when the excess is to be applied to the demand of the creditor, and the prescribed amount is to be paid to the debtor, free of charge or expense, to enable him to acquire another homestead."
It is undisputed that the homestead was valid and that it had been scheduled in the bankruptcy. Thus, when Baker purchased the property for $50, he acquired no interest in the property. The trustee had no power or authority to sell for less than the scheduled encumbrances on the property and the amount of the homestead exemption. The trustee's deed was ineffective to pass title to any interest of husband in the property. Morris Investment Co. v. Skeldon, 399 Ill. 506, 78 N.E.2d 504.
Baker contends that the homestead exemption would not survive and be of benefit to the husband's heirs. That issue is not before us. We are concerned only with the interest that Baker acquired by virtue of the deed from the trustee, and the court properly found and decreed that Baker acquired no interest in husband's property.
Baker argues that defendants cannot collaterally attack the order of the bankruptcy court which ordered and approved the sale. We disagree. The bankruptcy court did not set aside the exemption to the bankrupt. The trustee's deed attempted to sell to Baker:
"all of the right, title, interest, claim and estate of the party of the first part, and of the bankrupt estate above named."
If this deed were to convey any interest in the property to Baker, then Baker could cause a partition and sale of the property without any consideration of the homestead right. This he could not do.
Since, in its order authorizing the trustee to sell the interest of the bankrupt as well as the trustee's interest, the bankruptcy court failed t oprovide for separation of the proceeds and payment to husband of the amount of the homestead, the bankruptcy court did not have jurisdiction of the property at the time of sale, and thus the sale by the bankruptcy court was void."
Judgment affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.