**GREAT WESTERN EXCHANGE, INC., assignee of Fulton Producing Company, Plaintiff–Appellant,**

v.

**Charles WALTERS, Personal Representative of the Estate of Peter Thomas, deceased, Defendant–Appellee.**

**No. 90CA1112.**

Colorado Court of Appeals, Div. V.

Aug. 1, 1991.

Rehearing Denied Sept. 26, 1991.

**1094** 

J.D. Pearson, Denver, for plaintiff-appellant.

Timothy J. Flynn, Englewood, for defendant-appellee.

Opinion by Judge JONES.

Great Western Exchange, Inc., appeals from an order of the trial court determining that its judgment lien had expired and had not been extended by the filing of a certificate of levy prior to such expiration. Great Western also appeals the trial court's order denying its motion for a new trial and for post-judgment relief. We affirm.

This case arises out of Great Western's attempt to enforce, by writ of execution and levy, a judgment lien against a deceased debtor's interest in real property located in Douglas County, Colorado.

On February 16, 1984, Fulton Producing Company obtained a judgment in the Denver District Court against Peter W. Thomas in the amount of $8,179.95. On March 8, 1984, a transcript of the judgment was recorded in Douglas County.

In December 1985, Fulton Producing Company assigned its judgment against Thomas to Great Western.

Thomas died intestate in Arizona on September 30, 1987. His personal representative is defendant, Charles Walters.

On February 3, 1990, Great Western obtained a writ of execution from the clerk of the Denver District Court and then delivered the writ to the Douglas County Sheriff. A certificate of levy was recorded by the Douglas County Sheriff on February 14, 1990.

On February 15, 1990, the judgment lien created by the filing of the transcript of the February 16, 1984, judgmemt expired pursuant to § 13–52–102(1), C.R.S. (1987 Repl.Vol. 6A) which provides, *inter alia*, that such judgment liens continue for only six years from the entry of judgment.

On March 13, 1990, a notice of levy was served upon Walters who, nine days later, filed an objection thereto. In its order dated April 13, 1990, the trial court sustained Walter's objection on the grounds that the judgment lien had expired.

I.

 Great Western first contends that the trial court erred in determining that the issuance of a writ of execution and the filing of a certificate of levy does not extend the six-year term of a judgment lien. We disagree.

This issue appears to be one of first impression in Colorado. We begin with an examination of the plain and unambiguous language of § 13–52–102(1) which provides:

"All goods and chattels, lands, tenements, and real estate of every person against whom any judgment is obtained in any court of record, either at law or in equity, for any debt, damages, costs, or other sum of money are liable to be sold on execution to be issued upon such judgment. The transcript of the ... judgment ... may be filed with the recorder of any county; and from the time of filing such transcript *the judgment shall become a lien upon all the real property of such judgment ...* owned by him or which he may afterwards acquire until said lien expires. *The lien shall continue for six years from the entry of judgment, unless the judgment is previously satisfied.*" (emphasis added)

■ If, as here, statutory language is plain and its meaning clear, the statute must be applied as written. *Western Refining Corp. v. Department of Revenue*, 767 P.2d 772 (Colo.App.1988).

In the statute, the General Assembly has neither explicitly nor implicitly referred to an extension of the lien period through the securing of a writ of execution and filing of a certificate of levy. In the absence of any express intention by the legislature, we decline to recognize the existence of any such extension through such means.

■ In establishing this rule, we rely primarily on the straight forward language of § 13–52–102. However, as further justification for the rule, we note that it is the filing or recording of the judgment transcript in the county wherein lies property or other assets of the judgment debtor which creates the lien, and it is the date of the underlying judgment which establishes the lien's duration. *See Baum v. Baum*, —— P.2d —— (Colo.App. No. 89CA1770, April 11, 1991). Contrary to Great Western's assertions, writs of execution or certificates of levy, regardless of when acquired, merely serve as means to enforce the lien. *See Ingraham v. Forman*, 49 Ariz. 29, 63 P.2d 998 (1937); *Hyman v. Jones*, 205 N.C. 266, 171 S.E. 103 (1933).

Our holding that writs of execution or certificates of levy cannot extend the judgment lien comports with the rule established in a majority of jurisdictions which have addressed the issue. *See Berg v. Torgerson*, 100 N.W.2d 153 (S.D.1959); *McCullen v. Durham*, 229 N.C. 418, 50 S.E.2d 511 (1948); Annot., *Issuance of Levy of Execution as Extending Period of Judgment Lien*, 77 A.L.R.2d 1064 (1961).

Thus, we conclude that in obtaining a writ of execution and in filing a certificate of levy, Great Western cannot have extended the term of the judgment lien beyond its statutory period.

## II.

■ Great Western also contends that by obtaining a writ of execution on February 14, 1990, it secured a lien which extended for six years from the date of execution. Again, we disagree.

Section 15–12–812, C.R.S. (1987 Repl.Vol. 6B) contained in the Colorado Probate Code provides as follows:

"No execution may issue upon nor may any levy be made against any property of the estate *under any judgment against a decedent or a personal representative,* but this section shall not be construed to prevent the enforcement of mortgages, pledge, or liens upon real or personal property in an appropriate proceeding." (emphasis added)

Great Western asserts that this statute allows it to enforce its February 1990 "execution lien" against Thomas' personal representative (Walters) because such lien elevates it to the status of secured creditor. However, we read § 15–12–812 as explicitly prohibiting such an enforcement proceeding.

Section 15–12–812 simply permits proceedings to enforce a lien which existed and which attached to property of a decedent *prior to his or her death.* We draw support for this conclusion from the case of *Baker v. Allen*, 34 Colo.App. 363, 528 P.2d 922 (1974), in which a division of this court stated that: "A judgment creditor of a deceased person has no right or power to attach property after death by an execution lien."

While the *Baker* case interpreted C.R.S.1963, 153–12–5(2), the predecessor statute to § 15–12–812, we can discern no intention on the part of the General Assembly to change the policy of law which underlay the prior statute. Thus, the *Baker* case is dispositive here. *See Mountain States Bank v. Irvin*, 809 P.2d 1113 (Colo. App.1991). *See also* 1A C. Krendle, *Colorado Methods of Practice* § 725 at 62 (3rd ed. 1989).

Here, Great Western did not obtain a writ of execution until more than two years after Thomas' death in September 1987. Thus, we conclude that no valid execution lien was created.

The order is affirmed.

PLANK and NEY, JJ., concur.