The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
January 24, 2019

## 2019COA7

**No. 17CA1423, *Security Credit Services, LLC v. Hulterstrom* — Topical subject keywords — Creditors and Debtors — Judgements — Judgement Liens**

The division holds that a judgment creditor may obtain a judgment lien at any time during the remaining life of the judgment, but if more than six years have passed since the entry of the judgment, the creditor must first revive the judgment and record the transcript of the revived judgment.

COLORADO COURT OF APPEALS         **2019COA7**

Court of Appeals No. 17CA1423
El Paso County District Court No. 10CV5060
Honorable Eric Bentley, Judge

Security Credit Services, LLC,

Plaintiff-Appellant,

v.

Winifried Hulterstrom,

Defendant-Appellee.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE BERGER
Román and Richman, JJ., concur

Announced January 24, 2019

Vargo & Janson PC, Gerald P. Vargo, Yosy V. Janson, Nick J. Deganhard,
Lakewood, Colorado, for Plaintiff-Appellant

No Appearance for Defendant-Appellee

Notarianni & Notarianni, Gregory J. Notarianni, Denver, Colorado; Sweetbaum
Sands Anderson P.C., Geoffrey P. Anderson, Denver, Colorado, for Amicus
Curiae Real Estate Law Section of the Colorado Bar Association

Philip J. Weiser, Attorney General, Kimberly S. Sorrells, Deputy Assistant
Attorney General, Denver, Colorado, for Amicus Curiae Colorado Department of
Personnel and Administration

¶ 1    Can a judgment creditor obtain a judgment lien against real property when more than six years have passed since the entry of the judgment?  If so, what must the creditor do to obtain such a lien?

¶ 2    We hold that a judgment creditor may obtain a judgment lien at any time during the remaining life of the judgment, but if more than six years have passed since the entry of the judgment, the creditor must first revive the judgment and record the transcript of the revived judgment.  This is true whether or not the judgment creditor previously obtained a judgment lien.

¶ 3    Because the district court erroneously concluded that revival of the judgment was not required and denied the creditor's request to revive the judgment, we reverse the district court's order.

I.    Relevant Facts and Procedural Background

¶ 4    In 2010, the district court entered a money judgment in favor of plaintiff, Security Credit Services, LLC, against defendant, Winifried Hulterstrom.  Security Credit obtained a transcript of the judgment, but it is not clear from the record whether Security Credit ever recorded the transcript of judgment and thus obtained a judgment lien on real property owned or later acquired by

1

Hulterstrom in the county in which the transcript was recorded.  In any event, it appears that Security Credit never foreclosed that lien on any specific property.

¶ 5    In 2017, Marshall Recovery II LLC filed notice with the district court that it had purchased the money judgment from Security Credit.[1]  Not long after that, but more than six years after the entry of judgment, Marshall moved under C.R.C.P. 54(h) to revive the judgment.  The district court denied the motion, stating "[t]he 6-year period [from the date of the judgment] expired on 10-13-16."

¶ 6    Marshall moved to reconsider, arguing that to obtain a new, valid judgment lien, it had to first revive the judgment.  The district court denied this request a second time, stating as follows:

> C.R.S. 13-52-102(1) provides that a judgment lien expires six years after entry of judgment unless, prior to the expiration of the six-year period, the judgment is revived and a new transcript of judgment recorded.  In this case, as previously noted, the judgment lien expired on 10-13-16.  Accordingly, it is too late to continue the original lien.  The judgment creditor may, if it wishes, record a new transcript of judgment, which will create a new lien, effective as of the date of recording.  There

---

[1] Though Security Credit assigned its rights to the judgment to Marshall, the caption in this case remained the same.  *See* C.R.C.P. 25(c).

> is no need to revive the judgment itself, since it is good for 20 years under C.R.S. 13-52-102(2) and reviving the judgment would not change the effect of the new lien.

¶ 7 In what Marshall describes as a "last ditch-effort" to obtain a revived judgment, it moved for a hearing on the motion to revive the judgment, which the district court denied. Marshall then timely filed this appeal.

## II. Standard of Review

¶ 8 We review matters of statutory interpretation de novo. *Perfect Place, LLC v. Semler*, 2018 CO 74, ¶ 40. Our primary purpose is to give effect to the intent of the General Assembly. *Id.* We look first to the language of the statute, giving words and phrases their plain and ordinary meanings. *Id.* We consider the statute as a whole and give consistent, harmonious, and sensible effect to all of its parts. *Id.* We apply the same rules of construction to the Colorado Rules of Civil Procedure. *In re Marriage of Wiggins*, 2012 CO 44, ¶ 24.

### III. A Judgment Creditor May Obtain a Judgment Lien More Than Six Years After the Entry of Judgment, But Must Revive the Judgment to Do So

¶ 9    In Colorado, the exclusive method to obtain a judgment lien against real property based on a Colorado judgment is to record a transcript of the judgment in the records of the clerk and recorder of a Colorado county. § 13-52-102(1), C.R.S. 2018. Once recorded, the transcript of judgment constitutes a lien on all real property owned, or later owned, in that county by the judgment debtor. *Id.* The priority date of the lien, for Recording Act purposes, is the date of recordation of the transcript of judgment; the date of the judgment itself has no bearing on the priority date. *See* § 38-35-109(1), C.R.S. 2018.

¶ 10    Under section 13-52-102(2)(a), a judgment has a life of twenty years.[2] A judgment lien has a life of six years from the date of the underlying judgment. § 13-52-102(1). To extend an existing judgment lien, the judgment creditor must revive the judgment and record a transcript of the revived judgment before the existing lien expires. *Id.*

---

[2] A judgment creditor may extend the life of a judgment by reviving the judgment. § 13-52-102(2)(a), C.R.S. 2018.

¶ 11 These statutes do not explicitly address the questions raised here: (1) whether a judgment creditor may obtain a new judgment lien after a prior judgment lien has expired; (2) whether a judgment creditor may obtain a judgment lien after six years have elapsed since the entry of judgment and no judgment lien was previously obtained; and (3) if the answer is "yes" to those questions, whether the judgment creditor must first revive the underlying judgment.

¶ 12 Both a state statute and a rule of civil procedure bear on these questions. Section 13-52-102 says, in relevant part:

> (1) . . . A transcript of the judgment record . . . may be recorded in any county; and from the time of recording such transcript . . . the judgment shall become a lien upon all the real estate . . . owned by such judgment debtor or which such judgment debtor may afterwards acquire in such county, until such lien expires. The lien of such judgment shall expire six years after the entry of judgment unless, prior to the expiration of such six-year period, such judgment is revived as provided by law and a transcript of the judgment record of such revived judgment . . . is recorded in the same county in which the transcript of the original judgment was recorded, in which event the lien shall continue for six years from the entry of the revived judgment. A lien may be obtained with respect to a revived judgment in the same manner as an original judgment and the lien of a revived judgment may be continued in the

same manner as the lien of an original judgment. . . .

(2)(a) . . . [E]xecution may issue on any judgment described in subsection (1) of this section to enforce the same at any time within twenty years from the entry thereof, but not afterwards, unless revived as provided by law, and, after twenty years from the entry of final judgment in any court of this state, the judgment shall be considered as satisfied in full, unless so revived.

¶ 13    C.R.C.P. 54(h) says, in relevant part:

To revive a judgment a motion shall be filed alleging the date of the judgment and the amount thereof which remains unsatisfied. . . . A revived judgment must be entered within twenty years after the entry of the judgment which it revives, and may be enforced and made a lien in the same manner and for like period as an original judgment.  If a judgment is revived before the expiration of any lien created by the original judgment, the filing of the transcript of the entry of revivor in the register of actions with the clerk and recorder of the appropriate county before the expiration of such lien shall continue that lien for the same period from the entry of the revived judgment as is provided for original judgments.  Revived judgments may themselves be revived in the manner herein provided.

¶ 14    Read together, these provisions provide that a creditor may

obtain a judgment lien at any time during the twenty-year life of a

judgment, but if more than six years have passed since the entry of judgment, the creditor must first revive the judgment.

¶ 15    The plain language of section 13-52-102(2)(a) — "execution may issue . . . to enforce the [judgment] *at any time*" within the twenty-year life of the judgment — compels the conclusion that a judgment creditor may obtain a judgment lien at any time during that period, even after an original judgment lien has expired.[3] (Emphasis added.)  Notably, while both section 13-52-102 and C.R.C.P. 54(h) contemplate that a judgment may be enforced at any time during its life, neither contains any language prohibiting a judgment creditor from obtaining a judgment lien after an initial judgment lien has expired, but before the end of the judgment's twenty-year life.

¶ 16    Section 13-52-102(1) expressly and unambiguously provides that a judgment lien expires six years after the entry of the judgment (not the date of issuance or recordation of any transcript

---

[3] For purposes of our analysis, there is no distinction between (1) a judgment creditor obtaining a new judgment lien after a prior judgment lien has expired and (2) a judgment creditor obtaining a judgment lien more than six years from the date of judgment when no prior judgment lien has been obtained.

of judgment).  Therefore, the recordation of a transcript of judgment, without more, after the expiration of the six-year period, accomplishes nothing because any such lien has expired.

¶ 17    This dilemma is solved if, but only if, the creditor revives the judgment prior to recordation of the transcript of judgment.  In that event, the lien created by the recordation of the transcript of the revived judgment is valid for six years from the date of the revived judgment.[4]

### IV.    Conclusion

¶ 18    The order denying Marshall's motion for revival of judgment is reversed, and the case is remanded for the district court to address that motion.

JUDGE ROMÁN and JUDGE RICHMAN concur.

---

[4] If the creditor records a transcript of judgment within six years of the date of the judgment, a judgment lien is created.  That lien expires six years from the date of the judgment, unless, before the expiration of the six-year period, the creditor revives the judgment, obtains a transcript of judgment of the revived judgment, and records the transcript.  In that event, the revived judgment lien maintains the original priority date of the originally recorded transcript of judgment because it is a continuation of the initial judgment lien, rather than a new lien.  *See* § 13-52-102(1); C.R.C.P. 54(h).