The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
July 11, 2019

## 2019COA107

**No. 18CA1087, *Franklin Credit Management Corporation v. Galvan* — Creditors and Debtors — Judgment Liens — Writs of Execution; Civil Procedure — Execution and Proceedings Subsequent to Judgment; Courts and Court Procedure — Property Subject to Execution**

In this dispute over the plaintiff's efforts to execute on a judgment, a division of the court of appeals considers whether a valid judgment lien is a prerequisite to obtaining a writ of execution on real property. Applying the plain language of the Colorado Rules of Civil Procedure and section 13-52-102, C.R.S. 2018, the division concludes that a valid judgment lien is not required to obtain a writ of execution and reverses the district court's order setting aside the writ of execution.

The division also concludes that the district court abused its discretion in awarding attorney fees and costs for the frivolous opposition to the motion to set aside the writ of execution.

Court of Appeals No. 18CA1087
Adams County District Court No. 07CV226
Honorable Edward C. Moss, Judge

Franklin Credit Management Corporation,

Plaintiff-Appellant,

v.

Raul Galvan,

Defendant-Appellee.

ORDERS REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE DUNN
Navarro and Berger, JJ., concur

Announced July 11, 2019

Janeway Law Firm P.C., Lynn M. Janeway, Elizabeth S. Marcus, David R. Doughty, Alison L. Berry, Denver, Colorado, for Plaintiff-Appellant

Sweetbaum Sands Anderson PC, Geoffrey P. Anderson, Reagan Larkin, Denver, Colorado; Navaro & Associates LLC, Steven Navaro, Castle Rock, Colorado, for Defendant-Appellee

¶ 1    In this dispute over the efforts of plaintiff, Franklin Credit Management Corporation,[1] to execute on its judgment against defendant, Raul Galvan, we are asked to consider whether a valid judgment lien is a prerequisite to obtaining a writ of execution. Because we conclude it is not, we reverse the district court's order setting aside Franklin Credit's writ of execution as well as the related order awarding attorney fees and costs to Mr. Galvan, and we remand for further proceedings.

## I.    Background and Procedural History

¶ 2    The undisputed facts, as alleged in the pleadings, show that Franklin Credit obtained a $43,037 default judgment against Mr. Galvan in 2007. Franklin Credit then recorded a transcript of the default judgment with the Adams County Clerk and Recorder, creating a judgment lien on Mr. Galvan's nonexempt real property in Adams County. Franklin Credit, however, didn't execute on the

---

[1] Franklin Credit assigned its rights in the judgment to Deutsche Bank National Trust Company, as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1 in 2017. Deutsche Bank, however, was not substituted as a party in this case, and Franklin Credit properly continued it. *See* C.R.C.P. 25(c).

judgment, and the judgment lien expired in 2013. All agree that Franklin Credit did not continue (or revive)[2] the judgment lien.

¶ 3    In 2016, Franklin Credit re-recorded the transcript of judgment with the Adams County Clerk and Recorder but did not revive its judgment. Two years after that, Franklin Credit obtained a writ of execution and delivered it to the Adams County Sheriff. As required, the sheriff recorded a certificate of levy with the Adams County Clerk and Recorder and then personally served Mr. Galvan with the notice of levy and the writ of execution.

¶ 4    Mr. Galvan moved to set aside the writ of execution, arguing that because the judgment lien had expired in 2013 and had not been revived, Franklin Credit's writ of execution was "improper." Franklin Credit responded that, even though the judgment lien had expired, the judgment was "still valid," and it had the right to execute on the judgment by certificate of levy.

¶ 5    The district court granted Mr. Galvan's motion and entered an order setting aside the writ of execution. In doing so, it agreed that

---

[2] While the statute provides for the continuation of a judgment lien, § 13-52-102(1), C.R.S. 2018, the process also has been described as judgment lien revival, *see Sec. Credit Servs., LLC v. Hulterstrom*, 2019 COA 7, ¶ 17 n.4.

Franklin Credit's judgment lien had expired and had not been revived. The court did not consider, however, Franklin Credit's argument that a judgment lien was not required and that it could execute on its judgment by writ of execution and certificate of levy.[3]

¶ 6 Mr. Galvan then requested his attorney fees and costs, arguing Franklin Credit's position was substantially frivolous and groundless. The district court agreed and granted Mr. Galvan's request, finding frivolous Franklin Credit's opposition to Mr. Galvan's motion to set aside the writ of execution.

## II. Judgment Liens

¶ 7 Franklin Credit contends that because a judgment lien is not a "necessary prerequisite to a writ of execution," the district court erred in setting the writ aside based on the expired judgment lien. We agree and therefore reverse the district court's order setting aside the writ of execution.

---

[3] In fairness to the district court, these arguments were not clearly presented. But Mr. Galvan doesn't dispute that they were raised and preserved.

## A. Standard of Review

¶ 8 We review de novo an issue of statutory interpretation. *Sec. Credit Servs., LLC v. Hulterstrom*, 2019 COA 7, ¶ 8. In doing so, we seek to effectuate the legislature's intent and purpose. *Perfect Place, LLC v. Semler*, 2018 CO 74, ¶ 40. We begin by looking to the statutory language, giving the words and phrases their plain and ordinary meanings. *Sec. Credit Servs.*, ¶ 8. When this language is clear, we go no further. *Wells Fargo Bank, Nat'l Ass'n v. Kopfman*, 226 P.3d 1068, 1072 (Colo. 2010). The same rules apply to the interpretation of the Colorado Rules of Civil Procedure. *Sec. Credit Servs.*, ¶ 8.

¶ 9 Applying these principles, we turn to the relevant rules and statutes that govern the execution of judgments.

## B. Colorado Rules of Civil Procedure

¶ 10 The "process to enforce a final money judgment shall be by writ of execution," unless otherwise provided by law. C.R.C.P. 69(a); *see First Nat'l Bank of Denver v. Dist. Court*, 652 P.2d 613, 617 (Colo. 1982). "[N]o execution shall issue upon a judgment" or any action taken to enforce it until fourteen days have passed since entry of the judgment (absent a court-ordered stay of execution).

C.R.C.P. 62(a).  Satisfaction "of a money judgment may be entered in the judgment record" when an "execution" is returned satisfying the judgment in whole or in part.  C.R.C.P. 58(b).

¶ 11    While these rules plainly contemplate execution on a final money judgment, none contemplates or requires a judgment lien to obtain a writ of execution and certificate of levy or execute on the judgment.[4]  And Mr. Galvan doesn't direct us to anything in the Colorado Rules of Civil Procedure that says otherwise.

## C.    Section 13-52-102

¶ 12    "All goods and chattels, lands, tenements, and real estate of every person against whom any judgment is obtained . . . are liable to be sold on execution to be issued upon such judgment." § 13-52-102(1), C.R.S. 2018.  A certified copy of the transcript of the judgment "may be recorded in any county," and if recorded, "the judgment shall become a lien upon" all the judgment debtor's nonexempt real property owned or later acquired in that county.

---

[4] Although his briefing suggests differently, Mr. Galvan conceded at oral argument that he is not contending a judgment lien is required to execute on every judgment, but only where a creditor seeks a writ of execution to execute on real property.  *See generally* C.R.C.P. 102, 103.

*Id.*; *see Wells Fargo*, 226 P.3d at 1071-72 (outlining judgment lien process).

¶ 13    If obtained, a judgment lien expires six years after entry of the judgment.  § 13-52-102(1).  But expiration of "the judgment lien . . . does not extinguish the debt."  *Mortg. Invs. Corp. v. Battle Mountain Corp.*, 70 P.3d 1176, 1186 (Colo. 2003); *see also Ryan v. Duffield*, 899 P.2d 378, 380-81 (Colo. App. 1995) (expiration of a judgment lien did not prevent enforcing unexpired judgment through garnishment).  Rather, "execution may issue on any judgment . . . within twenty years" from the entry of the judgment.  § 13-52-102(2)(a); *see Baum v. Baum*, 820 P.2d 1122, 1123 (Colo. App. 1991); *see also Floyd v. Sellers*, 7 Colo. App. 498, 505, 44 P. 373, 376 (1896) (recognizing that even though the judgment creditor did not obtain a judgment lien, he could satisfy the judgment through other legal means), *aff'd*, 24 Colo. 484, 52 P. 674 (1898).

¶ 14    As with the civil rules, we see nothing in the plain language of section 13-52-102 that requires a judgment creditor to get a judgment lien before a writ of execution.  Indeed, a lien itself is not a method to execute on a judgment; rather, it secures the judgment

creditor's right to collect on its judgment from the equity in a judgment debtor's real property. *See Robison v. Gumaer*, 43 Colo. 310, 313, 95 P. 935, 935 (1908) (recognizing that a lien allows a creditor to seek relief on property).

¶ 15     So while a judgment creditor may get a judgment lien, nothing in the statute requires one. Instead, a transcript of judgment "may be recorded in any county" to obtain a judgment lien. § 13-52-102(1). Giving these words their plain meaning, the statute creates a permissive procedure to obtain a lien on real property and nothing more. *Sinclair Mktg. Inc. v. City of Commerce City*, 226 P.3d 1239, 1246 (Colo. App. 2009) ("A statute using 'may' generally connotes permissive rather than mandatory action.").

¶ 16     We are not persuaded otherwise by Mr. Galvan's reliance on the statutory language that real estate may be "sold on execution." § 13-52-102(1). Contrary to Mr. Galvan's contention, that real estate is subject to execution doesn't "clearly contemplate[]" that a judgment lien is required to execute on the property. The statute provides only that "execution . . . be issued upon [the] judgment." § 13-52-102(1). Thus, it requires a judgment to execute, not a judgment lien; and we won't read a requirement into the statute

7

that isn't there.  *See Rook v. Indus. Claim Appeals Office*, 111 P.3d 549, 552 (Colo. App. 2005).

¶ 17     Nor do the cases Mr. Galvan relies on say anything different. These cases by and large discuss judgment liens, *Baum*, 820 P.2d at 1123, the expiration of judgment liens, *Mortg. Invs. Corp.*, 70 P.3d at 1186, and the requirements to revive judgment liens, *Wells Fargo*, 226 P.3d at 1071-72.  None of them, however, considers whether a judgment lien is required to obtain a writ of execution, let alone concludes that it is.

¶ 18     This is also true of *Great Western Exchange, Inc. v. Walters*, 819 P.2d 1093 (Colo. App. 1991).  While that case broadly states that "writs of execution or certificates of levy, regardless of when acquired, merely serve as means to enforce the [judgment] lien," it did not consider the issue presented here — whether a judgment lien is a prerequisite to a writ of execution.  *Id.* at 1095.  Rather, that case dealt with the extension of a judgment lien and concluded only that obtaining a writ of execution and filing a certificate of levy does not "extend[] the term of the judgment lien beyond its statutory period."  *Id.*  And the cases that the division cited in support of its statement that "writs of execution or certificates of

8

levy" are "means to enforce" a judgment lien don't support that statement. *Id.* Those cases simply recognize that executing on the judgment does not extend the life of the judgment lien. *See Ingraham v. Forman,* 63 P.2d 998, 998-99 (Ariz. 1937); *Hyman v. Jones,* 171 S.E. 103, 103 (N.C. 1933). In any event, assuming *Great Western* concluded that a judgment lien is required to execute on a judgment and obtain a writ of execution, we don't agree. *See Dig. Landscape Inc. v. Media Kings LLC,* 2018 COA 142, ¶ 68 (one division of the court of appeals is not bound by the decision of another division).

¶ 19    For these reasons, we see nothing in section 13-52-102 (or case law) that requires a judgment creditor to get a valid judgment lien as a prerequisite to obtaining a writ of execution. *See* § 13-52-102; *see also Jong Ik Won v. Fernandez,* 324 S.W.3d 833, 835 (Tex. App. 2010) (concluding that, under Texas law, "a judgment lien is not a prerequisite to an execution sale to satisfy a judgment"). And consistent with this interpretation, the writ of execution issued here makes no reference to a judgment lien; it refers only to Franklin Credit's judgment.

¶ 20    The district court thus erred in setting aside the writ of execution because Franklin Credit's judgment lien had expired.

### D.    Execution Lien

¶ 21    Franklin Credit also contends that the district court erred in setting aside the writ of execution because (1) Colorado recognizes an execution lien independent of a judgment lien and (2) it had a valid execution lien.  We agree with the former contention, but don't reach the latter.

¶ 22    True, an execution lien allows a judgment creditor to levy on real estate.  §§ 13-56-101, -103, C.R.S. 2018.  Though a judgment creditor may obtain a judgment lien and an execution lien, they are independent statutory liens.  *See Routt Cty. Mining Co. v. Stutheit*, 101 Colo. 254, 257, 72 P.2d 692, 693 (1937) ("Until they filed their transcript or made a levy, they had no lien on the real estate."); *Baker v. Allen*, 34 Colo. App. 363, 367, 528 P.2d 922, 924-25 (1974) (recognizing that the judgment creditor obtained a judgment lien through filing a transcript of judgment and obtained a lien upon the real estate when the certificate of levy was filed); *see also Robison*, 43 Colo. at 313, 95 P. at 935 (explaining that a lien can be created for executing on a judgment by levy of an execution, recording a

transcript of judgment, or attachment); 1C Stephen A. Hess, *Colorado Practice Series: Methods of Practice* §§ 40:3, 40:5, Westlaw (7th ed. database updated May 2019).

¶ 23    But for three reasons we decline to address whether Franklin Credit obtained a valid execution lien under sections 13-56-101 and -103 and whether this execution lien independently supports its writ of execution and certificate of levy.  First, the district court set aside the writ of execution only on the basis that Franklin Credit's judgment lien had expired.  And as already discussed, we conclude that the district court erred in doing so.  Second, whether a valid execution lien exists under sections 13-56-101 and -103 was neither addressed by the district court nor adequately developed in the record.  Third, the district court also did not address Mr. Galvan's claim for homestead exemption under section 38-41-201, C.R.S. 2018.  So, for us to consider these issues now is premature.  *See Softrock Geological Servs., Inc. v. Indus. Claim Appeals Office*, 2012 COA 97, ¶ 6, *aff'd*, 2014 CO 30.

¶ 24    To sum up, a judgment lien is not a prerequisite to obtaining a writ of execution.  Although Franklin Credit's judgment lien expired, its judgment has not.  Franklin Credit represents that it obtained

an execution lien, but the district court has not yet addressed the validity of that lien. And for his part, Mr. Galvan filed a claim for homestead exemption, which the district court also didn't consider. We therefore must reverse the order setting aside the writ of execution and remand for further proceedings.

### III.   Re-Recording the Transcript of Judgment

¶ 25   Franklin Credit alternatively contends that by re-recording the transcript of the default judgment in 2016, it created a judgment lien that also supports the writ of execution. Given our conclusion that the district court erred in setting aside the writ of execution, we need not address this argument other than to point out that another division of this court recently rejected it. *See Sec. Credit Servs.*, ¶ 16 ("[T]he recordation of a transcript of judgment, without more, after the expiration of the [judgment lien's] six-year period, accomplishes nothing[.]").

### IV.   Attorney Fees and Costs

¶ 26   Franklin Credit next contends the district court erred in awarding attorney fees and costs to Mr. Galvan. We agree.

¶ 27   We review a district court's award of attorney fees and costs for an abuse of discretion. *In re Estate of Shimizu*, 2016 COA 163,

¶ 15.  The court abuses its discretion when it misapplies the law, *see Genova v. Longs Peak Emergency Physicians, P.C.*, 72 P.3d 454, 458 (Colo. App. 2003); its decision is manifestly arbitrary, unreasonable, or unfair, *see Shimizu,* ¶ 15; or its findings are so against the weight of the evidence as to compel a contrary result, *see Colo. Citizens for Ethics in Gov't v. Comm. for Am. Dream,* 187 P.3d 1207, 1220 (Colo. App. 2008).

¶ 28     The district court may assess reasonable attorney fees against a party who files a "frivolous opposition to a motion."  C.R.C.P. 121, § 1-15(7).  A defense is frivolous if the proponent can present no rational argument based on the evidence or law in support of that defense.  *Liebowitz v. Aimexco Inc.*, 701 P.2d 140, 142 (Colo. App. 1985); *accord Double Oak Constr., L.L.C. v. Cornerstone Dev. Int'l, L.L.C.,* 97 P.3d 140, 151 (Colo. App. 2003).

¶ 29     Concluding the law was well settled that a judgment lien expires six years after entry of the judgment, the district court found that Franklin Credit's opposition to the motion to set aside the writ of execution was frivolous.  But as discussed, Franklin Credit argued — and we agree — that a valid judgment lien is not required to obtain a writ of execution.  The district court therefore

abused its discretion in concluding that Franklin Credit presented no rational argument in opposing the motion to set aside the writ of execution, and we must reverse the district court's order awarding attorney fees and costs.

## V.     Appellate Attorney Fees

¶ 30     Because we reverse the district court's order setting aside the writ of execution, we necessarily reject Mr. Galvan's request for appellate attorney fees.

## VI.     Conclusion

¶ 31     We reverse the district court's orders setting aside the writ of execution and awarding attorney fees and costs.  The case is remanded to the district court for further proceedings.

JUDGE NAVARRO and JUDGE BERGER concur.