23CA1881 Bradford v Hart 12-26-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1881
Summit County District Court No. 18CV30171
Honorable Reed W. Owens, Judge

David C. Bradford and Anne E. Bradford,

Plaintiffs-Appellees and Cross-Appellants,

v.

Michelle Hart and Michelle Hart Trust,

Defendants-Appellants and Cross-Appellees.

ORDERS AFFIRMED

Division VII
Opinion by JUDGE SCHUTZ
Tow and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 26, 2024

The Klug Law Firm, LLC, Noah Klug, Breckenridge, Colorado, for Plaintiffs-Appellees and Cross-Appellants

Waltz Reeves, Christopher R. Reeves, Denver, Colorado, for Defendants-Appellants and Cross-Appellees

¶ 1    Michelle Hart (Hart) and the Michelle Hart Trust (Hart Trust) (collectively the Hart defendants) appeal the trial court's orders determining David C. Bradford and Anne E. Bradford (the Bradfords) were the prevailing parties at trial, and the related award of attorney fees and costs to the Bradfords. We affirm the trial court's orders.

## I.    Background

¶ 2    This dispute arises out of the purchase and sale of residential property. The Bradfords purchased a home from the Hart defendants.[1] As part of the contractual disclosure and due diligence process, the Hart defendants provided a series of disclosures concerning the property's current and historical condition. The answers indicated they had no knowledge of any structural defects at the house.

¶ 3    Contrary to these representations, the Hart defendants did in fact have knowledge of several structural issues with the house.

---

[1] The contract was between the Hart Trust, as seller, and the Bradfords, as purchasers. For reasons not addressed by the parties on appeal, they agreed in the trial court that the Bradfords' claims for breach of contract were asserted against both of the Hart defendants and that they would be equally responsible for any breach of contract or associated damage award.

Hart learned of these defects when she and her then-husband initially inspected, and later purchased, the property in 2006. After learning of these defects, they had negotiated a lower price to compensate them for the cost of remediation. The Hart defendants subsequently renovated the property three times in the next five years, but did not address the known structural issues.

¶ 4    The Bradfords discovered the structural problems after purchasing the property. The Bradfords spent considerable time, effort, and money to repair the house. The Bradfords sued the Hart defendants, and the seller's real estate firm, Slifer Smith & Frampton Real Estate, (Slifer) on various claims for breach of contract, fraud, and negligence.

¶ 5    The jury returned a verdict in Slifer's favor on all claims asserted against it. The jury found in favor of the Bradfords on their three breach of contract claims, but awarded only nominal damages of $1. The jury returned verdicts in favor of the Hart defendants on the Bradfords' fraud and negligence claims.

¶ 6    After trial, the Bradfords, the Hart defendants, and Slifer submitted motions requesting that the court declare them to be the prevailing party in the litigation and thus entitled to an award of

2

costs and attorney fees under the contract.  The parties' competing claims were based on the contract's prevailing party attorney fee and cost provision:

> Anything to the contrary herein notwithstanding, in the event of any arbitration or litigation relating to this Contract, prior to or after Closing Date (§ 3), the arbitrator or court shall award to the prevailing party all reasonable costs and expenses, including attorney fees, legal fees, and expenses.

¶ 7    The trial court issued an order in April 2023 (the prevailing party order) finding that the Bradfords were the prevailing party over the Hart defendants.  The court also found that Slifer was the prevailing party over the Bradfords.[2]  A few months later, the trial

---

[2] The Bradfords filed a cross-appeal attempting to challenge the merits of the judgement entered on the jury's verdicts.  The court issued an order requiring the Bradfords to show cause why the cross-appeal on the merits should not be dismissed as untimely.  The order stated that the trial court's April 28, 2023, order appeared to constitute a final judgment on the merits.  *See Baldwin v. Bright Mortg. Co.*, 757 P.2d 1072, 1074 (Colo. 1988) (holding that generally, a judgment on the merits is final for purposes of appeal despite outstanding issues of attorney fees and costs).  After considering the Bradfords' response to the show cause order, the motions division concluded the April 28 order was a final judgment and dismissed the Bradfords' cross-appeal on the merits, but allowed the Bradfords to pursue their cross-appeal of the costs

court entered an order awarding the Bradfords attorney fees in the amount of $154,415, and costs in the amount of $121,938.47.

¶ 8      The Hart defendants appeal the trial court's determination that the Bradfords were the prevailing parties and the associated fees and costs award.

## II.   The Trial Court's Prevailing Party Determination

### A.   The Parties' Contentions

¶ 9      The Hart defendants argue on appeal that the trial court erred as a matter of law when it determined the Bradfords were the prevailing parties for the purpose of awarding fees and costs.  The Hart defendants acknowledge that the Bradfords prevailed on the question of liability for each of the three contract claims, but note that the jury awarded them only $1.  The Hart defendants also note that they prevailed on the tort claims asserted against them.  Given

---

awarded in favor of Slifer.  Bradford elected, however, not to address the Slifer cost award, so we do not address it. Approximately six months after the dismissal of their cross-appeal on the merits, the Bradfords filed a motion for reconsideration.  A second motions division rejected that motion.  The Bradfords ask us to revisit their motion for reconsideration, but provide no briefing regarding why we should do so.  We decline the invitation to second-guess the orders entered by two separate motions division of this court.

these verdicts, they argue that the trial court should have concluded that they were the prevailing parties, or that there was no prevailing party.

¶ 10   The Bradfords argue that the trial court's prevailing party determination was consistent with controlling precedent. The Bradfords contend that there is no authority to support the Hart defendants' argument that a trial court abuses its discretion when it does not expressly consider the possibly of finding no prevailing party. Moreover, the Bradfords argue that the Hart defendants did not properly preserve their no prevailing party argument.

### B.   Standard of Review and Applicable Law

¶ 11   We review de novo whether a trial court adopted the correct legal standard in determining who is the prevailing party. *Far Horizons Farm, LLC v. Flying Dutchman Condo. Ass'n*, 2023 COA 99, ¶ 34 ("[W]e review the district court's legal conclusions forming the basis for [a cost award] decision de novo."). We review for clear error the trial court's resolution of the factual issues necessary to apply that standard. *Id.*

¶ 12   Colorado follows the American Rule regarding the payment of attorney fees. *In Interest of Delluomo v. Cedarblade*, 2014 COA 43,

5

¶ 9 (citing *In re Estate of Klarner*, 113 P.3d 150, 157 (Colo. 2005)). Under the American Rule, "the parties in a lawsuit must bear their own legal expenses, absent statutory authority, a court rule, or an express contractual provision to the contrary." *Cedarblade*, ¶ 9. Parties can displace the default American Rule by including a fee-shifting provision in their contract, as the parties did in this case.

¶ 13    In the context of a contractual prevailing party provision, the supreme court has adopted a rule that the party who prevails on the liability issue is the prevailing party. *Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326, 327 (Colo. 1994). In *Dennis*, the plaintiff performed construction work for the defendant. *Id.* The plaintiff sued based on two contracts: one referred to as the settlement agreement, the second referred to as the construction contract. *Id.* The construction contract did not include a prevailing party attorney fees provision, but the settlement agreement did. *Id.* Both claims were presented to the jury, and it returned a verdict in favor of the plaintiff on the construction contract, awarding $57,000 in damages. *Id.* at 328. The jury also found that the defendant had breached the settlement contract, but did not award damages on that claim. *Id.*

¶ 14    As in this case, both parties moved for a determination that they were the prevailing party on the settlement agreement and hence entitled to an award of attorney fees and costs. *Id.* Both the trial court and a division of this court concluded that the defendant was the prevailing party because it succeeded on a significant issue present by the settlement agreement — namely that the plaintiff suffered no damages — and therefore achieved some of the benefits that it sought on that claim. *Id.*

¶ 15    After surveying case law from other jurisdictions, the supreme court reversed, holding that "where a claim exists for a violation of a contractual obligation, the party in whose favor the . . . verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees." *Id.* at 332. The court noted this bright line was predicated, in large part, on the conclusion "that it would be an unjust result to uphold an award of attorney fees to [the defendant] where [plaintiff], the innocent party, was required to pay attorney fees to the breaching party." *Id.* at 333.

¶ 16    Since *Dennis*, divisions of this court have applied broad contractual prevailing party provisions to all claims grounded in the contract at issue. *In re Estate of Gattis*, 2013 COA 145, ¶ 39 (citing

7

*Bedard v. Martin*, 100 P.3d 584, 593 (Colo. App. 2004); *see also*

*Sperry v. Bolas*, 786 P.2d 517, 518 (Colo. App. 1989) (applying

contractual prevailing party provision even when "plaintiff sought

damages in tort for defendant's fraudulent misrepresentation"

because the tort claim arose out of the parties' contract).

¶ 17     *Gattis* involved a contractual fee-shifting provision similar to

the one in this case.  *Gattis*, ¶ 33.  The provision read: "In the event

of any . . . litigation relating to this contract, the . . . court shall

award to the prevailing party all reasonable costs and expenses,

including attorney fees."  *Id.*  The plaintiff in *Gattis* asserted a tort

claim based on the defendants' alleged failure to make disclosures

required by the contract but did not assert a contract claim.  After

rejecting the defendants' argument that the tort claim was barred

by the economic loss rule, the division turned to the defendants'

argument that the court erred by awarding the plaintiff attorney

fees based on the contract's prevailing party provision because the

provision should not be applied to the plaintiff's tort claim.

¶ 18     In rejecting the defendants' argument, the division in *Gattis*

reasoned that contractual fee-shifting provisions containing broad

language, such as "relating to" or "aris[ing] out of," are interpreted

8

to encompass not just contract claims, but also related tort claims "that originate from, grow out of, or flow from the contract at issue." *Id.* at ¶¶ 39-40. As the division reasoned, "given the broad reach of litigation 'related to' the parties' contract, [the buyer] is entitled to attorney fees under the fee-shifting provision as the prevailing party on this claim." *Id.* at ¶ 41.

## C. The Trial Court's Resolution

In its thorough and well-reasoned prevailing party order, the trial court recognized and applied these authorities. The court reasoned that *Dennis* clearly mandates that the Bradfords were the prevailing parties for purposes of the contract claims. Applying the rationale of *Gattis*, the trial court also concluded that the tort claims were predicated on the Hart defendants' failure to meet their disclosure obligations flowing from the contract.

Synthesizing these holdings, the trial court found that the Bradfords were the prevailing parties in the litigation because they prevailed on the liability issues under the contract. And even though the Bradfords did not prevail on the tort claims, the court reasoned it would be contrary to the fundamental policy considerations that underlie *Dennis* to award the Hart defendants

attorney fees for prevailing on tort claims related to contractual obligations that they had breached.

¶ 21    But the trial court also concluded that even if *Dennis* and *Gattis* were not controlling, the Bradfords were still the prevailing party because all of their claims against the Hart defendants arose from the same conduct, transaction, and factual nexus.  The court noted that "the parties spent significant time and resources litigating the breach of contract claims with the other claims concurrently and the nexus of claims is so intertwined and interconnected that it would be impossible to parse out or itemize specific factual or legal work that did not overlap."

## D.    Analysis

¶ 22    As best we understand the Hart defendants' contention of error regarding the trial court's prevailing party analysis, they seem to argue that we should reject the majority rationale of *Dennis* and instead follow the rationale articulated by the dissenting justice in *Dennis.  See Dennis*, 884 P.2d at 335-39 (Rovira, C.J., dissenting). To the extent that is the relief requested, the Hart defendants are knocking on the wrong door.  *See Rocky Mountain Gun Owners v. Hickenlooper*, 2016 COA 45M, ¶ 21 (it is the supreme court's sole

prerogative it to overturn its decisions applying state law). Like the trial court, we are duty bound to follow the majority opinion in *Dennis*. *See People v. Kern*, 2020 COA 96, ¶ 42 ("[W]e are bound to follow supreme court decisions unless they have been overruled or abrogated."). Thus, we discern no error in the trial court's reliance on *Dennis*.

¶ 23 The Hart defendants cite various cases that stand for the proposition that to be declared the prevailing party, a party must succeed on a significant issue in the litigation and achieve some of the benefits sought. For instance, they cite the supreme court's decision in *Anderson v. Pursell*, 244 P.3d 1188 (Colo. 2010). But *Anderson* affirmatively cited *Dennis*, and the supreme court did not suggest that its analysis interpreting a water agreement's attorney fee provision was intended to overrule or limit *Dennis*. *Anderson*, 244 P.3d at 1194. The Hart defendants also cite *Mackall v. Jalisco International, Inc.*, 28 P.3d 975 (Colo. App. 2001). But *Mackall* also affirmatively cites a case relying on *Dennis* and extends its rule to the determination of who is the prevailing party in a case involving contract claims for purposes of awarding costs. *Mackall*, 28 P.3d at 977. Similarly, they cite *Archer v. Farmer Bros. Co.*, 90 P.3d 228

11

(Colo. 2004). But *Archer* too is a cost case that analyzes how to determine the prevailing party based on C.R.C.P. 54(d) and section 13-16-105, C.R.S. 2024, not who is the prevailing party under a contractual fee-shifting provision. *Archer*, 90 P.3d at 230-32. In short, none of these cases calls into question the ongoing validity of *Dennis* or the trial court's application of it.

¶ 24    Moreover, even if we were to accept the Hart defendants' argument that the trial court should have determined the prevailing party based on which party succeeded on a significant issue and achieved some of the benefits sought, the trial court did just that. And in doing so, it determined that the Bradfords were the prevailing party. The Hart defendants provide no basis for us to second guess the trial court's exercise of its discretion in resolving such a fact-intensive analysis.

¶ 25    Finally, the Hart defendants argue that the trial court erred by not determining that there was no prevailing party in this case. But this argument ignores the fact that neither the Bradfords nor the Hart defendants asked the trial court to determine that there was no prevailing party. Indeed, to the contrary, both filed motions requesting that the court determine that they were the prevailing

12

parties. And because this issue was not presented, the trial court did not decide it. Under these circumstances, we conclude that the Hart defendants' "no prevailing party" contention was not preserved, and we do not address it further. *Gold Hill Dev. Co., L.P. v. TSG Ski & Golf, LLC*, 2015 COA 177, ¶ 18 ("Arguments not raised before the trial court may not be raised for the first time on appeal." (quoting *Am. Fam. Mut. Ins. Co. v. Allen,* 102 P.3d 333, 340 n.10 (Colo. 2004))).

¶ 26    In sum, we perceive no error in the trial court's determination that the Bradfords were the prevailing parties for purposes of the contract's prevailing party fee and cost award.

III.    Reasonableness of the Trial Court's Fee and Cost Awards

¶ 27    Next, the Hart defendants argue that the trial court abused its discretion by awarding the Bradfords a combined total of $276,000 in attorney fees and costs in a case in which they recovered only nominal damages.

A.    Standard of Review and Applicable Law

¶ 28    Generally, we review the trial court's determination of reasonable attorney fees and costs for an abuse of discretion. *Franklin Credit Mgmt. Corp. v. Galvan,* 2019 COA 107, ¶ 27. To the

extent that the determination depends upon application of a controlling rule or statute, we review such questions de novo. *Far Horizons*, ¶ 34.

¶ 29 An award of attorney fees must be reasonable. *Tisch v. Tisch,* 2019 COA 41, ¶ 84. The lodestar method provides an initial estimate of reasonable attorney fees. *Ravenstar LLC v. One Ski Hill Place LLC*, 2016 COA 11, ¶ 61. The lodestar calculation is equal to the number of hours reasonably expended on the case, multiplied by a reasonable hourly rate. *Id.* Once the lodestar amount is calculated, the court may adjust the amount up or down by considering the factors set out in Colo. RPC 1.5, as discussed below.

### B. The Parties' Contentions

¶ 30 The Hart defendants argue the trial court abused its discretion when it awarded fees and costs to the Bradfords because the awarded sums, in isolation and in aggregate, were disproportionate to the damages the Bradfords recovered. The Hart defendants also assert that the court's awards encourage wasteful litigation tactics and spending.

¶ 31     With one exception, the Hart defendants do not challenge, in

any meaningful way, the trial court's application of the lodestar

analysis and the related factors under Colo. RPC 1.5.

¶ 32     The Bradfords argue that the trial court evaluated the case

appropriately and did not abuse its discretion in determining a

reasonable amount of fees and costs.

### C.     Attorney Fees Award

¶ 33     In making its lodestar calculation, the trial court significantly

reduced the hourly rate claimed by the attorneys and paralegals

who worked on this case.  The court also eliminated any time

associated with the pursuit of the claims against Slifer.  Finally, the

court reduced the number of claimed hours due to inappropriate

block billing.[3]

¶ 34     This process resulted in the court decreasing the Bradfords'

initial claim amount of $570,253 to a lodestar amount of $308,830.

---

[3] Block billing is a billing entry in which the timekeeper simply
states the number of hours worked on a case in a given day, rather
than separating the time into individual entries that explain the
task performed and the time associated with that particular task.
*Payan v. Nash Finch, Co.*, 2012 COA 135M, ¶ 29.

The Hart defendants do not specifically challenge any of these calculations.

¶ 35 The court then adjusted the lodestar figure based on the enumerated factors of Colo. RPC 1.5:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.

Colo. RPC 1.5.

¶ 36 The trial court dutifully considered each of these factors, applied them, and reduced the lodestar calculation from $308,830

16

to $154,415.  The Hart defendants do not challenge this analysis, with one exception: they argue that due to the disproportion between the recovered damages and the claimed fees, the trial court should have reduced the lodestar amount by 80% to arrive at a total of $61,766.

¶ 37    But the trial court expressly considered the disproportionality between the amount of damages sought and the amount recovered. Indeed, the court agreed that the Bradfords' claimed fees, even as reduced in the initial lodestar calculation, were excessive given the results obtained in this case.  The court reduced the lodestar amount by 50% to account for this disproportionality.

¶ 38    The Hart defendants offer no explanation why their request of an 80% reduction is more appropriate than the 50% reduction applied by the court.  We conclude that this type of fact-intensive, discretionary call is squarely within the trial court's purview, and we will not disturb it because the Hart defendants have not established an abuse of that discretion.  *City of Westminster v. R. Dean Hawn Ints.*, 2024 COA 80, ¶ 24 ("A district court's evidentiary determinations are reviewed for an abuse of discretion.").

17

¶ 39    Given the trial court's thoughtful consideration of the controlling authorities and its careful adjustments to the claimed fees, we perceive no abuse of discretion in its attorney fees award.

## D.    Cost Award

¶ 40    The trial court also made adjustments when evaluating the Bradfords' claimed costs of $151,278.94.  For example, the court reduced the claimed expert witness fees to eliminate those attributed to the Slifer claims.  And aside from its generalized proportionality argument, the Hart defendants do not claim that the trial court erred with respect to the various categories of costs it awarded.  Thus, we perceive no abuse of discretion in the trial court's calculation of costs or the award of those costs to the Bradfords.

## E.    Waste

¶ 41    Finally, we reject the Hart defendants' argument that the trial court's fees and costs awards should be rejected because they encourage waste.  It is understandable to look at the fees and costs expended on all sides of this case and conclude that they represent an unfortunate expenditure of resources.  But both the Bradfords and the Hart defendants participated in this process, and it was the

18

Hart defendants' failure to disclose known defects that gave rise to this litigation.

¶ 42     Moreover, the Hart defendants point to no authority — other than the lodestar and Colo. RPC 1.5 factors previously discussed — that would allow a court to reject a claim for fees and costs based on the rationale that such an award would encourage waste. As noted above, the trial court properly applied the applicable analysis, and we see no basis to second guess the trial court's orders.

## IV.   Disposition

¶ 43     The trial court's orders determining that the Bradfords were the prevailing parties and awarding them attorney fees and costs are affirmed.

JUDGE TOW and JUDGE PAWAR concur.